*Thursday, June 16.*

---

## THE STATE on the relation of LEACH *v.* SCOTT and Another.

It is no breach of the condition of an executor's bond that he neglected to inventory and sell the goods of his testator, unless they have come to his knowledge.

For an executor to convert any portion of the testator's property to his own use, is a breach of the condition of his bond.

VOL. XII.—34

May Term,
1859.

THE STATE
v.
. - SCOTT.

Thursday,
June 16.

Where one, only, of several breaches of the condition of such bond is well assigned in a complaint thereon, a general demurrer thereto should be overruled.

APPEAL from the *Hendricks* Court of Common Pleas.

DAVISON, J.—This was an action by the state, on the relation of the appellants, against *Scott*, an executor, and *Hunt*, his surety, upon a bond, conditioned in the usual form, for the faithful discharge of the duties of the executor. The will of one *William Montgomery*, of which *Scott* is the executor, contains these provisions: 1. I give to my wife a good living, out of the proceeds of the sale of my personal property, left in the hands of my executor, who is to furnish her with all necessary boarding, lodging, and clothing, suitable for her during her natural life. The 2d, 3d, 4th, and 6th clauses of the will bequeath three specific legacies, which are directed to be paid out of money due the testator, viz., to his daughter, *Mary Howard*, 100 dollars; to his daughter, *Elizabeth Leach*, 50 dollars; and to his daughter, *Melinda Scott*, 50 dollars. 5. I request my executor to sell all my personal property, except one bed and bedding, and one gray mare, which I give to my wife during her natural life. The 7th clause, after making provision for the payment of the testator's debts and funeral expenses, out of the proceeds of the sale of his personal property, directs the remainder to be divided equally between his four daughters, *Mary Howard*, *Elizabeth Leach*, *Matilda Leach*, and *Melinda Leach*, and his son, *James Montgomery*. The 8th directs the sale of his farm, and the money arising therefrom to be divided between his said four daughters and son; and the 9th directs the sale of his real estate for the payment of his debts and funeral expenses.

Three breaches of the condition of the bond are assigned—

1. That *Montgomery*, at his death, owned certain articles of personal property (describing them), all of which, except the aforesaid bed, bedding, and gray mare, was by him, in and by said will, directed to be sold, &c. And that the defendant, *Scott*, having entered upon his duties as executor, &c., has wholly failed to sell any of the following articles

of property (describing them), being a part of the personal property owned by the decedent at his death, as above described, of the value of 300 dollars; and which property he, the defendant, has converted to his own use, &c.

2. That *Scott*, the defendant, after qualifying as such executor, neglected and refused, and still doth neglect and refuse, to inventory the following personal property (describing it), of which the testator died possessed, and which is of the value of 300 dollars.

3. That said executor, being duly qualified as such, hath converted to his own use certain articles of property (describing them), which are of the value of 400 dollars, and of which the testator was owner at the time of his death, &c.

It is averred that said *Matilda*, one of the relators, being a residuary legatee under the will, is entitled to maintain this suit in the name of the state, &c.; and that the said state, for the use of the relators, is entitled to sue for and recover the value of the property unsold, not inventoried and converted, &c., as aforesaid. The complaint demands judgment for 400 dollars, and other proper relief, &c. Demurrer to the complaint sustained, and final judgment, &c.

The code, art. 48, ch. 10, provides, that any executor, &c., may be sued on his bond, by any creditor, heir, legatee, &c., for certain causes which are specifically pointed out, and among which are the following, viz: Failure to inventory the property of the decedent, to return inventories, appraisement bills, sale bills, reports and accounts of sale, according to law; embezzling, concealing, or converting to his own use such property; and any other violation of the duties of his trust: and further it is provided, that such suit may be brought by and on the relation of any creditor, heir, legatee, &c., and the measure of damages in all such suits, shall be the value of the property converted, destroyed, embezzled, or concealed, &c.; and no stay of execution, or benefit of appraisement laws, shall be allowed on a judgment on such bond, as to the property of the principal, and all damages so collected shall, by the officer collecting the same, be paid into the proper Court of

Common Pleas, when, after deducting and paying to the relator in such suit a reasonable compensation for his services therein, it shall be disposed of according to the laws regulating the distribution of the property of the decedent. 2 R. S. pp. 285, 286, 287, §§ 162, 163, 164.

Under a proper construction of the will, though in its provisions there is an apparent conflict, the proceeds of the sale of the testator's personal property should be first applied to the maintenance of the widow, as therein prescribed, during her natural life; and further, the proceeds of the sale of his real estate constitutes the proper fund out of which his outstanding debts are to be paid. Still, she was simply to have her support during life, and if at her death any portion of the fund appropriated to her maintenance remained in the hands of the executor, it would then be his duty, under the will, to make distribution of the amount, so in his hands, among the residuary legatees. Now, the relator is one of the legatees; and if, as charged in the complaint, the executor has failed to inventory or sell the property, or has converted it, or any part of it, to his own use, or has committed any breach of duty, relative to the management of the trust, in any degree calculated to diminish the respective portions of the legatees, expectant on the death of the widow, the right of any such legatee to institute suit on the executor's bond, seems to be fully authorized by the statutory provisions to which we have referred.

But it is insisted that the complaint is defective, because it claims damages, not for the estate to be distributed, but simply for the relators, making them their personal claim. There is nothing in this objection. The Court may, notwithstanding the mode in which damages are claimed, render the appropriate judgment upon the case made. The amount recovered must be paid into the Common Pleas, and it is for that Court to make such disposition of the money as may accord with the provisions of the will.

Again; it is contended that the first and second breaches are insufficient, because, for aught that appears, the property has been left with the widow for her "comfort and

support," and that after making such support, nothing from May Term, 1859.
that source would be coming to the relators. The answer
to this is, that the executor was in duty bound to inventory PACE v. OPPENHEIM.
and sell the property, and having failed to do so, must be
held liable for such failure; and, moreover, the widow was
not entitled to the property itself; the will directed the executor to allow her a maintenance out of the proceeds of its sale, and whether anything from that source would be coming to the relators, could not be well ascertained until after her decease.

These breaches, however, are both defective. They allege that the executor failed to inventory, and neglected to sell, the property, without alleging that the same had come to his knowledge. 2 R. S. pp. 255, 257, §§ 34, 47.

But the third breach is unobjectionable. It charges affirmatively, that the executor had converted the property to his own use. Hence, the demurrer, applying, as it does, to the entire complaint, should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave* and *J. Witherow*, for the appellant.

*J. M. Gregg* and *H. C. Newcomb*, for the appellees.