*W. Morrow, W. H. Hay* and *J. H. Farquhar*, for appellee.

———————•———————

THE STATE, on the relation of McNEAL and Others *v.* BENNETT and Another.

ADMINISTRATOR'S BOND.—A suit may be maintained on the bond of an administrator, joint and several in its terms, against one or all of the obligors.

SAME.—The heirs at law of an intestate may sue upon the bond of the administrator, to recover for assets converted by the administrator to his own use, and for which he has failed to account.

SAME.—SUIT AGAINST A SURETY.—In a suit against a surety on the bond of an administrator, the breach alleged in the complaint was that there had come to the hands of the administrator, assets of the value of, &c., which he had converted to his own use, and wholly failed to account for. *Held*, that the breach was sufficient.

The State, on the relation of McNeal and Others *v.* Bennett and Another.

CONSTITUTIONAL LAW.— CONTRACT.—The law in force at the commencement of the action governs the remedy, unless, in the case of a new remedy, its application would impair the obligation of the contract.

SAME.—The legislature, though it cannot impair the obligation of a contract, may give validity to one otherwise invalid.

APPEAL from the *Jennings* Common Pleas.

GREGORY, J.—Complaint on an administrator's bond, joint and several in its terms, on the relation of the heirs at law of one *Norman McNeal,* deceased. The bond was executed by one *Angus McNeal,* as the administrator of the estate of the said *Norman,* with one of the appellants, and three other persons, as his sureties. The suit is against *Samuel Bennett,* sen., an insane person, and his guardian. *Angus McNeal* died before the commencement of the action. The breach complained of is, that there came to the hands of *Angus McNeal,* as such administrator, assets of the value of $1,000, which he converted to his own use, and wholly failed to account for.

Demurrer to the complaint, because it does not state facts sufficient, and because there is a defect of parties defendants, in this, that all the parties to the bond sued on should be made parties defendants. The demurrer was sustained, and this presents the only question for our consideration. There is no brief on the part of the appellee, and we are not informed of the ground of the action of the court below.

The bond is joint and several, and, at common law, the obligee might sue one or all of the makers. We do not think the statute changes the rule. 2 G. & H., § 20, p. 50.

The bond was executed in 1847, but the *remedy* must be sought under the law in force at the commencement of the action, unless the application of the new remedy to the contract would impair the obligation of the latter. The legislature, so far as the remedy is concerned, may validate, but cannot invalidate the obligation of a contract.

The heirs at law may maintain this action. 2 G. & H., § 163, p. 529.

The breach assigned is sufficient. *The State* v. *Scott*, 12 Ind. 529.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the complaint, and for further proceedings.

*J. D. New* and *C. E. Walker*, for appellant.