The State, *ex rel.* Wiseman *et al., v.* Wheeler *et al.*

## No. 14,701.

THE STATE, EX REL. WISEMAN ET AL., *v.* WHEELER ET AL.

GUARDIAN AND WARD.—*Action on Bond.*—*Burden to Show Breach.*—*Exceptions to Report.*—*Burden.*—In an action on a guardian's bond the burden is on the relator to show a breach of its condition ; but on exceptions to his report the burden is on him to show that the money expended was for the best interests of his ward.

SAME.—*Ex Parte Orders.*—*Effect.*—*Collateral Attack.*—Ex parte orders made by the court in a matter of a guardianship, whether by way of direction to the guardian, or of approval of action theretofore taken by him, are regarded as *prima facie* correct, but, as a rule, are within the control of the court making them until final settlement of the guardianship. At any time before final settlement and discharge of the guardian they may be set aside, corrected, or modified, but they can not be collaterally attacked, as in a suit upon the guardian's bond for a misapplication of the funds of the trust. The only attack that can be made upon them is in a direct proceeding in the court having control over them.

SAME.—*Action on Bond.*—*Plea of Payment.*—*Evidence.*—In an action upon a guardian's bond for misapplication of the funds of the trust, under the general denial, the guardian may show an application of such funds pursuant to orders of the court, a plea of payment being unnecessary ; and a witness may testify to the payment of the money pursuant to such orders, and to the fact that he ascertained the amount by calculation required to be paid over.

From the Hamilton Circuit Court.

*W. Booth* and *C. D. Potter,* for appellants.

*T. J. Kane* and *T. P. Davis,* for appellees.

McBRIDE, J.—This was a suit on a guardian's bond. The complaint charged the conversion by the guardian to his own use of a portion of the trust fund, and the unauthorized disbursement of a portion thereof, and that the guardian had failed and refused to account for or pay over the same to the relators, his wards, they having become of full age and demanded settlement. The guardian answered by general denial and plea of payment.

The cause was tried by the court, who, by request of the parties, found the facts specially and stated his conclusions of law thereon.

The finding and judgment are for the defendants, and the relators excepted to the conclusions of law and moved for a new trial, which motion was overruled, and the relators excepted.

Two errors are assigned:

· *First.* That the court erred in its conclusions of law; and,

*Second.* That the court erred in overruling the motion for a new trial.

The second error assigned is not discussed, and is therefore waived.

Appellees insist that the remaining assignment is not sufficient to present any question to this court. Although somewhat informal, we regard it as sufficient.

The facts, as found by the court, are substantially as follows:

February 19, 1876, the defendant, Philip S. Wheeler, was, by the Hamilton Circuit Court, appointed guardian of the persons and property of the relators, Sarah E. Wiseman and John P. Wiseman, with Luther, Jr., Oliver E. and Henry F. Wiseman, all then infants, and with his co-appellees executed a bond as such guardian in the sum of $3,000.

On the 21st day of August, 1876, there came into his hands as such guardian $1,464.87, which was the sole and only estate ever received by him.

The father of these children died in 1874, and they thereafter resided with and were supported by their mother. In April, 1877, the mother made application to the circuit court of Hamilton county, representing that she was supporting them, but that her entire estate consisted of a house in which she resided, and sixty acres of wet and unproductive land, and that she was unable to support them without assistance from the guardian. On this application the court ordered the guardian to pay her $400, which he did, and thereafter continued to assist her. In April, 1881, he submitted to the court a report, charging himself with the sum of $1,700,

being said sum of $1,464.87, with interest, and claimed credit for $733.99 as expended, leaving in his hands $966.01.

This report the court approved. In 1879 the mother of the children voluntarily, and without consideration, conveyed her said real estate to her said children, reserving to herself a life-estate therein, and in February, 1884, she filed an application in the Hamilton Circuit Court, showing that there was no good house and barn on the land, and asking that the guardian be required to pay the balance yet in his hands to be used in the improvement of said property and the continued maintenance and education of said children.

The court granted the prayer of the petition, approved all payments previously made by the guardian, and ordered him to pay the balance to the mother. Thereupon the guardian, in obedience to the order of the court, paid to the mother the entire balance remaining in his hands, with accrued interest.

Incorporated in the special findings is an itemized statement of the several payments made by the guardian, from which it appears that the last payment was made in February, 1884, at the time said order of court was made. The court trying this cause finds that all of said payments were in fact made. This suit was commenced April 2d, 1888.

The record is silent as to whether or not the guardian has ever been discharged, although the court finds that in February, 1884, more than four years before the commencement of this suit, he had paid out all the money which had ever come to his hands.

Appellants insist that these payments were unauthorized ; that the orders made by the court directing him to pay the money to the mother were without authority, and afforded no protection to the guardian. They also say : " We further insist that the burthen is on the appellee to show that his alleged expenditures were for the best interests of his wards, and the finding being silent on this question, this court can

not presume that any expenditures were for the wards' best interests."

Appellants mistake the relative positions occupied by them and the appellees in this suit. If these questions arose on exceptions to the guardian's report, or in any other way in the matter of the guardianship itself, the burthen would be on the guardian. This, however, is a suit on the guardian's bond, and the burthen is on the relators to show a breach of its conditions.

The special findings show that whatever action was taken by the guardian was by express order of the court or was subsequently approved by the court, and that in obedience to such orders he had paid out all the money that ever came to his hands as such guardian.

The several orders made by the court in directing the guardian to pay money to the mother, and approving the reports filed seem to have been *ex parte* orders, such as are usually made in passing accounts current of guardians and partial reports of executors and administrators, unless, indeed, the last order, which requires the payment of the entire balance, may be considered as finally closing the guardianship.

*Ex parte* orders made by the court in the matter of a guardianship, whether by way of direction to the guardian, or of approval of action theretofore taken by him, like those made in the settlement of an estate, are regarded as *prima facie* correct, but are as a rule within the control of the court making them until final settlement of the guardianship. Such orders may, at all times, before final settlement and discharge of the guardian, be set aside, corrected or modified if the requirements of justice demand it.

They can not, however, be attacked collaterally. So long as they remain in force they constitute an adjudication of the matter to which they properly relate, and can not be attacked collaterally in a suit on the guardian's bond. If attacked it must be by a direct proceeding in the court having

control over them. *Parsons* v. *Milford,* 67 Ind. 489; *Castetter* v. *State, ex rel.,* 112 Ind. 445, and cases cited.

None of the several orders directing the payment of money by the guardian, or approving the action taken by him, appear to have been vacated or changed.

Whether they were rightfully or wrongfully made can not be considered in this action unless, indeed, they were for some reason beyond the power of the court assuming to make them, and were void. They were made by a court having jurisdiction of the subject-matter and of the parties. If they were wrongfully made they might have been vacated or modified on application and showing to the Hamilton Circuit Court in the guardianship. Or the guardian might have resisted them, or obtained their vacation or modification by showing that they were not justified by the facts. If the question sought to be presented by appellants had been thus brought to the attention of the court the case of *Martin* v. *Beasley,* 49 Ind. 280, cited by appellants, would be in point; but, unlike that case, here the guardian obeyed the order of the court. There the guardian resisted it, and the attack upon the order was direct.

Judgment affirmed, at appellants' costs.

Filed Jan. 27, 1891.

## On Petition for a Rehearing.

McBride, J.—Appellants ask a rehearing in this cause on the ground that the court failed to consider one of the errors assigned.

In the original opinion it is said that the second error assigned was not discussed, and was, therefore, waived. A re-examination of the brief shows that this error was discussed, although the manner in which the brief was arranged caused it to be overlooked.

This alleged error was in overruling appellants' motion for a new trial. Several reasons were assigned for a new trial, but only two of these are discussed.

On the trial of the cause the guardian called as a witness one Theo. P. Davis, who testified that he assisted in making a settlement between the guardian and the mother of the wards, in February, 1884, at the time when the guardian was ordered by the court to pay to the mother the balance remaining in his hands. He also testifies that he had previously prepared the petition and had procured the order of court directing the guardian to pay said balance to the mother, and that thereupon the guardian and the mother met in his office for the purpose of determining the amount of said balance, and that he made the necessary computations for them in such settlement.

At the proper time appellants objected to this testimony. Their objection, as set out in the record, is " that there is no settlement pleaded, and no issue tendered to support such testimony, and because it is irrelevant, incompetent and immaterial."

The objection being overruled, the question was properly saved by exception.

The objection, without considering the question 'of its sufficiency otherwise, was not well taken. The complaint charged the conversion by the guardian of a portion of the trust fund, and the unauthorized disbursement by him of a portion of such fund.

The guardian's defence was, that while he had disbursed all of the moneys which came to his hands as such guardian, such disbursement was authorized, having been made to the mother of his wards in obedience to the order of the court which appointed him. This he could show under the general denial. This testimony tended to establish the fact of the payment of the money to the mother as the court had directed and was clearly competent.

It is possible that the several orders to the guardian to pay his wards' money to the mother ought not to have been made. As we said, however, in the original opinion, that

question can not be here considered for the reason that these orders can not be attacked collaterally.

The only remaining question argued is that the finding of the court is not sustained by, but is contrary to, the evidence.

Appellants urge, in support of this contention, that there is no evidence whatever tending to show that the payments were justifiable—that there was any necessity for paying such amount of money to the mother for the maintenance of the wards, or that the estate was managed for the best interests of the wards.

It is enough to say that the evidence does tend to show that the money was all disbursed in obedience to the orders referred to, and while these orders stand we can go no further with our inquiry.

There being evidence to sustain the finding of the court it will not be disturbed.

Petition for rehearing overruled, with costs.

