The State, *ex rel.* Puett, *v.* Musser *et al.*

No. 497.

## THE STATE, EX REL. PUETT, *v.* MUSSER ET AL.

TRUSTS AND TRUSTEE.—*Order to Sell Property and Disburse Proceeds.—Failure to Obey Order.—Actionable Negligence.*—Where a failing debtor made an assignment for the benefit of his creditors, and the trustee of said assignment is ordered by the court having jurisdiction of the trust to sell certain of the trust property, and make distribution of such proceeds in a certain manner, if the trustee fails to sell such property in such reasonable time as would be for the best interests of the estate, and it is,shown that there was negligent omission of duty on the part of such trustee, resulting in actual loss to a creditor concerned in the trust, an action will lie for such breach of the trust.

SAME.—*Trustee and Trust Property.—Control of by the Court.—Assignment for the Benefit of Creditors.—Subject to Existing Liens.*—An assignment for the benefit of creditors is a trust which comes at once within the jurisdiction and control of the court, and the property assigned is in the custody of the court, subject to existing liens, to be disposed of under the direction and control of the court. From first to last the judicial authority extends over the trustee and the trust property.

SAME.—*Interlocutory Actions of the Court.—Not Subject to Collateral Attack.*—Interlocutory orders and actions of the court with reference to reports of trustees and matters connected with decedents' estates and guardianships can not be attacked collaterally by way of suits on bonds, etc.

From the Parke Circuit Court.

*D. H. Maxwell, H. Maxwell* and *E. Hunt,* for appellant.

*T. N. Rice, J. T. Johnson* and *S. D. Puett,* for appellees.

NEW, J.—The appellant's complaint is in two paragraphs.

The first paragraph in substance is that in March, 1888, Norval W. Cummings made an assignment for the benefit of his creditors, by indenture duly recorded, of all his property to the appellee John R. Musser, who duly qualified as trustee with the appellees, Connelly and McCune, as his sureties ; that with other property so assigned there was a stallion of the value of $375, and which was appraised at $350. At the April term, 1888, of the Parke Circuit Court, in an action by said trustee against the relator to recover the possession of said horse, it was adjudged that the relator had

a lien thereon for $402, and said trustee was ordered to take possession of and sell said horse and apply the proceeds to the satisfaction of said lien, and that the residue, if any, be applied to other claims against said trust. Said trustee, in pursuance of said order, took possession of said horse in June, 1888, and placed him in the keeping of one Ohaver, a livery stable keeper. At that time said trustee had an order from the judge of said court to sell at private sale the property embraced in said assignment. Said trustee in March, 1889, resigned his said trust without having sold said horse, leaving the same in the possession of said Ohaver. A successor of said trustee was appointed by the court, who, by order of the court, sold said horse, and after the payment of the charges of said Ohaver for keeping the same, the relator received upon his lien only $48; that the appellee Musser, as trustee aforesaid, has broken the condition of his bond in this, to wit: First, he failed and neglected to sell said horse, as ordered by and as required by law, when he could have sold the same, and that he never offered said horse for sale at public auction. Second, that at the time he took possession of said horse under the order of the court, the relator offered and bid on said horse the sum of $375, and has been ready and willing at all times to comply with his said bid, but said Musser resigned his trust without accepting said bid and without disposing of said horse, and never received an offer for the same in excess of said bid. Wherefore he says he is damaged in the sum of $375, *etc.*

The second paragraph of the complaint, in addition to the averments in the first, states that when Musser resigned as trustee he submitted to the court an account, or settlement, as to his said trust, showing what property remained in his hands undisposed of, among which was said stallion. Said report was examined and approved by the court, and said trustee discharged ; that afterwards, at the September term of said court, 1889, Howard Maxwell was appointed and qualified as the successor of said Musser in said trust. At said

September term the relator foreclosed his lien on said horse for the sum of $402, the trustee last named and said Ohaver being parties defendant to said proceeding.

The court further adjudged that said Ohaver was entitled to $204 for keeping, feeding and caring for said horse, as part of the property of said trust, and the court thereupon ordered:

*First.* That said trustee sell said horse and other property at public sale, with notice as required by law.

*Second.* That out of the funds so received and collections, he pay the expenses of his trust, including said $204, except that all other expenses, save said $204, and such expenses as should be incurred by reason of the sale of said horse, should first be paid out of the funds arising exclusively from sales and collections other than from the sale of said horse as aforesaid, should first be applied to said $204, along with other expenses, and any residue of said $204 should then be paid out of the proceeds of the sale of said horse, and the balance, if any, should be applied toward the payment of the relator's said lien. That said trustee Maxwell thereupon sold said horse at public sale according to law, and received therefor $239; that afterwards, in November, 1889, said trustee made his report, showing a sale of said property by him and distribution of the funds in his hands, as ordered by the court, and was then discharged from his said trust; that in said distribution the relator received only $48.14.

A copy of the bond executed by the appellee Musser, as trustee, is filed with each paragraph of the complaint. Each paragraph also contains allegations showing the recording of the indenture of assignment in the recorder's office and the filing of a copy of the assignment and schedule in the clerk's office of the circuit court. In the body of the second paragraph of complaint are set out copies of the reports therein referred to, made respectively by the trustees, Musser and Maxwell.

The appellees, each for himself, demurred severally to each

paragraph of the complaint for want of facts. The demurrers were sustained and exceptions reserved by the appellant. The appellant refusing to plead further, the court gave judgment for costs in favor of the appellees.

The sustaining of said demurrers has been assigned as error by the appellant.

Where a failing debtor makes a voluntary assignment for the benefit of his creditors, the liability of the trustee is commensurate with the duty the assignment imposes upon him. He is required to exercise good faith in all his transactions, and use all reasonable diligence and carefulness in the management of the trust; and the legal presumption will be that he has so conducted himself unless the contrary is fully and satisfactorily shown. Where it is shown that the trustee has negligently omitted to do that which is beneficial to the estate, the law, for such breach of trust, will compel him to make good any loss thereby sustained. Burrill Assignments (5th ed.), sections 460, 462; Perry Trusts, section 845; *Melick* v. *Voorhees*, 2 N. J. Eq. 305; *Freeman* v. *Cook*, 6 Ired. Eq. 373; *Meacham* v. *Sternes*, 9 Paige, 398; *Devaynes* v. *Robinson*, 24 Beav. 86; *Litchfield* v. *White*, 7 N. Y. 438; *Goodwin* v. *Mix*, 38 Ill. 115; *Macubbin* v. *Cromwell*, 7 Gill & Johns. 157.

It was the duty of the appellee Musser, as trustee, to take charge of the property assigned and sell it in such reasonable time as would be for the best interest of the estate. If, tested by these rules, it is shown that there was a negligent omission of duty on the part of said trustee, resulting in actual loss to the relator, then there is a breach of trust for which an action will lie.

In our opinion the first paragraph of the complaint states a cause of action against the appellee Musser as trustee, and his sureties, the other appellees.

The assignment, which included the horse in question, was made in March, 1888. In the following month said trustee was ordered by the court to sell the horse and apply the proceeds

to the satisfaction of the relator's lien. At that time the trustee had authority from the court to sell at private sale, and the relator then offered him for the horse $375, which was $25 more than its appraised value. The offer was not accepted, but the horse was put in the care and keeping of Ohaver, a livery stable keeper, where it remained at the expense of the estate until the resignation of said trustee, and when sold by his successor, the relator received only $48 therefrom on his lien, the residue of the purchase-price being consumed by the charges of said Ohaver. It is further alleged in this paragraph of the complaint that said trustee never offered the horse for sale at public auction. We think it is made to appear from the allegations in this paragraph of the complaint that there was a negligent omission of duty on the part of said trustee and that by reason thereof the relator sustained actual loss.

We are not prepared to hold, as contended for by appellees' counsel, that the order of the court was void when in the action by the trustee to recover from the relator the possession of the horse the trustee was ordered to sell the same and with the proceeds satisfy a lien which in said action it was disclosed the relator had upon the horse. It does not appear from this paragraph of the complaint that the matter of the relator's lien was in no way in issue or dispute in said action. It is a matter of fair inference and presumption in favor of the action of the court that the matter of the lien was in controversy.

And, moreover, the assignment made by the debtor, Cummings, created the trust. That trust came at once within the jurisdiction and control of the court, and the property assigned was thereby placed in the custody of the court, subject to existing liens, to be disposed of by the trustees, under the direction and control of the court. In such cases the trustee must not only account to, but he must obey the orders of the court possessing jurisdiction of the trust. The power of the court begins with the creation of the trust and

continues until, by order or decree, the trust is finally closed. From first to last the judicial authority extends over the trustee and the trust property. *Lawson* v. *De Bolt*, 78 Ind. 563; *Grubbs* v. *Morris*, 103 Ind. 166; *Hasseld* v. *Seyfort*, 105 Ind. 534; *Voorhies* v. *Carpenter*, 127 Ind. 300.

The demurrer to the first paragraph of the complaint should have been overruled.

The second paragraph of the complaint is bad. It is an indirect or collateral assault upon the order and judgment of the court approving the report of the appellee Musser at the time of his resignation and discharge as trustee. That report embraced and accounted for the horse in question.

In proceedings under a voluntary assignment by a failing debtor for the benefit of his creditors, there is a general likeness or analogy to those involved in the settlement of decedents' estates and guardianships. It is well settled that interlocutory orders or action by the court relating to reports or matters connected with decedents' estates and guardianships can not be attacked collaterally by way of suits on bonds of administrators and guardians. As to all matters embraced in such reports or settlements, the action of the court is deemed to be *prima facie* correct, and must stand until revised or set aside in some direct way or proceeding in the court having control over them. And as to the making of all reports and the action of the court thereon, those interested must take notice unless the statute makes provision that notice be given. *Lang* v. *State, ex rel.*, 67 Ind. 577; *Castetter* v. *State, ex rel.*, 112 Ind. 445; *State, ex rel.*, v. *Wheeler*, 127 Ind. 451.

These rules are just, and we can see no reason why they do not apply with full force to cases like the present.

To allow a review of the action and decrees of the court in such cases, whether interlocutory or final, by way of suits upon the bond given by the trustee, would be to admit and invite the examination and re-examination of every report

made by a trustee as often as any captious interested person might become dissatisfied.

The demurrer to the second paragraph of the complaint was properly sustained.

Because of error committed by the court in sustaining the demurrer to the first paragraph of the complaint, the judgment is reversed, with costs.

Filed April 12, 1892.