## HARRAH ET AL. *v.* STATE, EX REL. DYER, ADMINISTRATOR.

[No. 5,301. Filed December 12, 1905. Rehearing denied April 25, 1906. Transfer denied June 28, 1906.]

1. PARTNERSHIP.—*Surviving Partners.—Settlement.—Statutes.— Equity.*—While the probate courts in the settlement of estates and in proceedings for the settlement of partnerships by the surviving partners apply equitable doctrines, still, the procedure is statutory. §§8122-8129 Burns 1901, §§6046-6053 R. S. 1881. p. 501.

2. SAME.—*Surviving Partners.—Failure to do Duty.—Receivers.* —Under §§8126, 8127 Burns 1901, §§6050, 6051 R. S. 1881, where the surviving partner fails properly to discharge the duties of his trust a receiver may be appointed on behalf of any person interested. p. 502.

3. PARTNERSHIP.—*Surviving Partners.—Settlements.*—The surviving partner stands in the same relation to the partnership property as the administrator or trustee to his trust estate, being governed by similar statutory provisions.  p. 502.

4. SAME.—*Surviving Partners.—Bonds.—Administrator of Deceased Partner's Estate Proper Relator.*—The administrator of the deceased partner's estate is a proper relator in an action on the surviving partner's bond, but the assets recovered cannot be distributed to such estate until the partnership's debts are all paid.  p. 502.

5. SAME.—*Surviving Partners.—Bonds.—Action on.—Exclusion of Probate Court.*—The circuit court in an action on the bond of a surviving partner cannot exclude the probate court from jurisdiction in the settlement of the partnership.  p. 503.

6. SAME.—*Surviving Partners.—Bonds.—Actions on.—Final Settlement.—Setting Aside.*—An action will not lie on the bond of a surviving partner until his final settlement is set aside, if one has been made.  p. 503.

7. SAME.—*Surviving Partners.—Current Reports.—Collateral Attack.—Evidence.*—Current reports of a surviving partner are not *res judicata* but are not subject to a collateral attack, and upon exceptions to a final report are only *prima facie* evidence of the truth of their contents.  p. 503.

8. PLEADING. — *Complaint. — Bonds. — Surviving Partners.*—A complaint on a surviving partner's bond alleging that such partner failed and refused to discharge his duties, setting out such failures, is sufficient as against a general demurrer, one well-assigned breach being sufficient.  p. 503.

9. APPEAL AND ERROR.—*Master Commissioner's Report.—Whether Part of Record without Bill of Exceptions.—Statutes.*—The report of the evidence and his findings by a master commissioner are a part of the record on appeal without any bill of exceptions, by virtue of Acts 1903, p. 338, §3, §641c Burns 1905; and the fact that the report was not all filed at the same time makes no difference.  pp. 504, 507,

10. TRIAL.—*Surviving Partners.—Current Reports.—Fraud.*— In an action on the bond of a surviving partner where the facts found fail to show that current reports of such partner were not fraudulent, such reports must be taken as valid.  p. 505.

11. APPEAL AND ERROR.—*Exceptions to Master Commissioner's Special Findings.—Request.*—Where a special finding was not required from a master commissioner, exceptions to his alleged special findings present no question.  p. 506.

12. SAME.—*Evidence.—Whether All in Record.—Necessity for.*— Where the decision of a case must, under the issues, turn upon

an indisputable fact, whether other evidence on other questions is all in the record, is immaterial. p. 506.

13. NEW TRIAL.—*Decision Contrary to Law.—Evidence.—Fraud.*—A decision treating orders of a court having jurisdiction of the persons and subject-matter as a nullity is contrary to law, where there was no allegation nor proof of fraud. p. 506.

14. JUDGES. — *Duties. — Courts.—Surviving Partners.—Settlements.*—It is the duty of the judge of the court to which a surviving partner must report to exercise rigid inspection over such partner's doings and compel a speedy administration of the assets of such partnership. p. 506.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Action by the State of Indiana, on the relation of Mattie W. Fellows as administratrix of the estate of Frank A. Fellows, deceased (Fred E. Dyer being substituted as administrator), against William B. Harrah and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*Cyrus E. Davis, John S. Bays, W. L. Rude* and *Fred F. Bays,* for appellants.

*Henry W. Moore* and *Louis B. Ewbank,* for appellee.

ROBY, C. J.—This action was commenced in the Greene Circuit Court. Upon motion of the appellant Harrah the venue was changed to the Sullivan Circuit Court, where such proceedings were had as resulted in a judgment for the plaintiff.

The single paragraph of amended complaint is founded upon a bond, executed by appellant Harrah as principal and by his coäppellants as sureties. A demurrer to the complaint was overruled, and an answer in two paragraphs filed—the first a general denial, and the second setting up affirmative facts. A demurrer was filed to this paragraph of answer, but no ruling thereon was made. The cause was referred to a commissioner, who heard the evidence and reported the same, together with his conclusions of fact, which were approved and adopted by the court, and finding and judgment rendered accordingly, appellants' excep-

tions to the report being overruled, as were separate motions for a new trial and to modify the judgment.

Facts averred in the complaint and not disputed at the trial are that the relatrix was the duly appointed and acting administratrix of Frank A. Fellows, who was at his death a member of a partnership, composed of himself and appellant Harrah, engaged in the sale of hardware at Worthington, Greene county, the business being a profitable one and the firm having on hand a large and valuable stock of merchandise. Harrah, within sixty days after the death of his copartner, filed, in the clerk's office of Greene county, an inventory and appraisement of the assets of said firm, together with a statement of its liabilities, and also executed and filed the bond in suit, the conditions of which were as follows:

"The condition of the above obligation is, that the above-bound William B. Harrah has taken upon himself the duties to settle according to law, as the surviving partner thereof, the partnership of the late firm of Harrah & Fellows, composed of William B. Harrah, surviving partner, and Frank A. Fellows, deceased; now if said William B. Harrah shall faithfully discharge the duties of his trust therein according to law, then the above obligation is to be void, else to remain in full force."

He thereupon took upon himself the administration of said business according to law.

Ten breaches of the bond in suit are specifically assigned. They are in substance: (1) That after entering upon the settlement of said partnership, Harrah continued the business, buying and selling goods in the usual course of trade at an expense and loss of $5,000, all of which was done unlawfully, with the fraudulent intent to speculate and make money for himself out of the assets of said partnership. (2) That after advertising the stock for sale, he hindered and prevented a profitable sale thereof by saying to probable bidders that the purchaser would have to move

out of the building; that no one could afford to give more than fifty cents on the dollar, and by refusing to give information concerning said stock, with the fraudulent intent of purchasing it himself. (3) That, with the same fraudulent intent, he refused to offer the good-will of said business for sale. (4) That, with the fraudulent intent to speculate and make money for himself, he restocked said business after the death of his partner. (5) That, with the same fraudulent intent, he sold said stock for $5,000, less than it was worth, whereby the relatrix was compelled to and did employ attorneys and contract attorneys' fees of $250, in order to set aside said fraudulent sale. (6) That he included in the final sale of said stock, horses and other personal property, not connected with the business or included in the petition to sell. (7) That while pretending to settle the business he borrowed money and paid interest out of the assets, it not being necessary to do so. (8) That he has failed and refused to collect the notes and accounts due said estate. (9) That he has failed to close up said partnership as speedily as practicable, but has fraudulently delayed the same, to the injury of the estate of said deceased partner. (10) That he refuses to close up said partnership business, although often demanded, and although possessed of sufficient funds. (11) That he has collected rents and profits of partnership real estate and wrongfully withheld the same from the relatrix.

The affirmative paragraph of answer above referred to contains a recital of the facts relative to the undertaking to settle the partnership as above stated, and sets up further proceedings therein to the effect that, after duly qualifying, Harrah made application to the Greene Circuit Court for an order to postpone the sale of said stock, which was duly granted, and said sale was postponed until May 4, 1903. On March 11 he applied to said court for an order to replenish said stock from time to time during the period until

sale, as aforesaid, said purchases not to exceed $1,500 at any one time, and not to exceed $2,000 in all, which order was duly granted, and remained in force until the sale of the stock, on May 25, 1903. On March 14, 1903, he procured an order to sell said stock, and to advertise the same, and to seek bidders, and did all things required of him. The property was sold and duly reported. The sale was not approved by the court. The property was resold on May 25, which sale was duly confirmed and approved by said court, its judgment to that effect being still in full force. The settlement of said estate is now pending in said court, and the final report has been filed in said court. Denials of various averments of the complaint are incorporated in this answer.

It is disclosed by the complaint that the surviving partner complied with the statute and undertook to make settlement in accordance therewith. The relatrix, so far from objecting to this action, expressly ratifies it by bringing her suit to recover on the bond therein given. The judgment appealed from is as follows: "It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff recover of and from the defendants herein the sum of $3,207.22, together with her costs and charges in this behalf laid out and expended, taxed at $———, and that said defendants pay, as part of the costs of this action, the sum of $100, master commissioner's fees and costs, which is hereby allowed and ordered taxed as costs against defendants. It is further considered, adjudged and decreed by the court that the defendant William B. Harrah be required, and he is hereby ordered, to proceed at once to settle and close up said partnership business, and out of the partnership funds in his hands pay and fully discharge the mortgage on the partnership real estate, which mortgage was executed by said partners to the Providence Life & Trust Company for the principal sum of $3,000; and

also to pay and fully discharge out of the partnership funds in his hands all other debts and liabilities so as to leave said partnership real estate free from any debt or liability of said partnership. It is further ordered, adjudged and decreed by the court that said partnership funds now in the hands of said William B. Harrah and the property of said William B. Harrah, including his interest in said real estate owned and held by said partners jointly, and also the property of Carpus N. Shaw and William B. Squire, be first exhausted in the payment of this judgment, and any and all other debts and liabilities of the partnership, before resorting to the interest of the plaintiff's relatrix in the partnership real estate, so that the interest which said deceased partner had in said real estate may be left to his estate free from any encumbrance, and free from any debt or liability of said partnership."

Proceedings in the settlement of partnerships by the surviving partner are governed in this State by statute. Acts 1877, p. 136, §§8122-8129 Burns 1901.

1. Equity jurisdiction embraces the administration of estates, but in the United States such administration is had in accordance with specific statutes. The statutory rules are largely based upon principles declared in equity, the doctrines of which are constantly enforced by probate courts, but this head of equity jurisdiction has been practically abandoned in all the states. The foregoing statement adapted from 2 Pomeroy, Eq. Jurisp. (2d ed.), §77, is equally applicable to the settlement of the affairs of a partnership dissolved by the death of one partner. The principles embodied in the statute are, generally speaking, those which, in the absence of a statute, would be applied in equity; but such settlements must be made in accordance with the statutory provisions.

Where the surviving partner neglects to qualify, or qualifying, wastes firm assets, or does not properly settle, any

interested person may procure the appointment of a receiver. §§8126, 8127 Burns 1901, §§6050, 6051 R. S. 1881. The receiver "shall proceed to settle the same as though a voluntary assignment for the benefit of the creditors had been made by the surviving partner."

It is the duty of the surviving partner to make final report to the proper court, and to pay the surplus belonging to the deceased partner into court, to be paid out upon the order of the judge. The partnership business must be settled within two years "unless the court, for good cause shown, shall grant a longer time." §8128 Burns 1901, §6052 R. S. 1881.

"This act * * * gives a surpervising control to the court having probate jurisdiction, and appears to be modeled upon the act for the settlement of decedents' estates. The duties and liabilities of the surviving partner * * * are similar to the duties required of administrators, executors and guardians, more analogous in fact than any other class of persons to whom our attention has been called." State v. Matthews (1891), 129 Ind. 281, 285.

The analogy between the surviving partner and a trustee appointed under the act providing for voluntary assignments, etc., and the amendments thereto, is also close, while by the appointment of a receiver the letter of that act becomes applicable. Acts 1859, p. 293; §§2899, 2908 Burns 1901, Acts 1891, p. 312, Acts 1897, p. 245.

The jurisdiction of the probate court over the settlement of the affairs of a surviving partnership is as exclusive as over that of a decedent's estate. The relatrix is averred to be the duly appointed administratrix of the estate of the deceased partner; and as such administratrix she is a proper relatrix, but her estate is entitled to no part of the partnership assets until partnership debts have been paid and partnership accounts adjusted. Valentine v. Wysor (1890), 123 Ind. 47; Rogers

v. *State, ex rel.* (1901), 26 Ind. App. 144; *Skillen* v. *Jones* (1873), 44 Ind. 136.

The bond sued upon is conditioned for the faithful discharge of his duty by the surviving partner. The judgment appealed from seems to have been rendered upon the theory that an action upon the bond conferred jurisdiction upon the court in which it was pending, to administer upon the trust estate to the exclusion of the court "having probate jurisdiction."

The complaint contains nothing relative to the proceedings had in such court. No fraud in making orders or settlements is set up. Indeed the whole matter is ignored. Had the surviving partner made a final report, and the same been approved by the "proper court," such approval would have been an adjudication of the trust and a bar to any action upon the bond. Such action could only be maintained by setting aside such final order for fraud or otherwise. *Carver* v. *Lewis* (1886), 104 Ind. 438, 442; *Boyd* v. *Caldwell* (1884), 95 Ind. 392; *Silvers* v. *Canary* (1888), 114 Ind. 129.

The doctrine of *res judicata* does not apply to interlocutory orders, but such orders are not subject to collateral attack. They protect persons acting upon them, as completely as a final judgment upon the merits would do. Such orders made in the original proceeding herein would be, upon exceptions to the final report, merely *prima facie* correct, but in a suit upon the bond they are conclusive. *State, ex rel.,* v. *Musser* (1892), 4 Ind. App. 407; *State, ex rel.,* v. *Wheeler* (1891), 127 Ind. 451; *Parsons* v. *Milford* (1879), 67 Ind. 489; *Candy* v. *Hanmore* (1881), 76 Ind. 125; *Peacocke* v. *Leffler* (1881), 74 Ind. 327; Van Fleet, Collat. Attack, p. 23.

The presumptions are stated in a case involving a decedent's estate, as follows: "It is to be presumed, until the contrary appears, that the administrator of Joseph O'Rear obtained possession of all funds remaining on hand belong-

ing to the estate of Louisa C. O'Rear, and that he will pay them over to the persons entitled; or, if there be doubt or dispute, that he will report them with an account of the doings of his intestate to the proper court in due time. If an unreasonable delay occurs, an application to the court having control of the administrator will be effectual to produce the fund and the account, or a statement of the reasons why they are not forthcoming, when, if the facts justify it, a suit upon the bond of his predecessor will accomplish the whole duty." *Lucas* v. *Donaldson* (1889), 117 Ind. 139, 142.

It remains to consider the effect of the foregoing legal propositions when taken in connection with the facts herein. The demurrer to the complaint is general, and a single, well-assigned breach requires it to be overruled. *State, ex rel.,* v. *Scott* (1859), 12 Ind. 529. It is not shown by the complaint that the relief prayed is inconsistent with the status of the matter of the surviving partnership. It is shown by averments, that the defendant has failed and refused to discharge his duties according to law, in support of which it would be competent to introduce the record of the original proceeding showing that fact, and there was therefore no error in overruling the demurrer.

A special master commissioner was appointed to hear the evidence in the cause and he was ordered to report the evidence and the facts to the court. In compliance with such order the commissioner duly made his report, including therein a statement of fact as found by him and a longhand report of the evidence taken and heard. Appellee makes the point that neither the finding of facts nor the evidence is before the court, they not having been brought into the record by bills of exceptions. The many cases cited in support of the point were all decided prior to or without considering the act of March, 1903

(Acts 1903, p. 338). Section three of that act (§641c Burns 1905) is as follows: "Every pleading, motion in writing, report, deposition or other paper, filed or offered to be filed, in any cause or proceeding, whether received by the court, refused or stricken out, shall be a part of the record from the time of such filing or offer to file. Any order or action of the court in respect to any such pleading, motion in writing, report, deposition or other paper, and every exception thereto taken by any party shall be entered by the clerk on the minutes or record of the court, and the same when so entered shall be a part of the record without any bill of exceptions. Every oral motion, and the ruling of the court thereon and the exceptions taken thereto, shall be entered upon the record or minutes of the court and shall be a part of the record without any bill of exceptions." The facts and evidence reported by the commissioner are, therefore, a part of the record and before this court, as is made certain by the bodily presence of a record bound in three volumes, the accuracy of which is in no way disputed.

The appellee introduced in evidence, and the commissioner, in the finding of facts has set out, the proceedings had in the matter of said surviving partnership, from which it appears that appellant Harrah procured orders directing his action in most matters wherein it is now challenged, and reported his proceedings therein to said court, by which they were approved. The facts are found, and no evidence has been indicated, from which it can be said that the proceedings of said court were procured by fraud or were otherwise invalid, neither is there any allegation of such fraud or of other facts which render such proceedings ineffective as against a collateral attack, and they must therefore be taken as valid.

There was no request for a special finding of facts. The report of the commissioner cannot be treated as a special

finding, and the exceptions to it are therefore of no avail. *Terre Haute, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 438.

The case was submitted for trial to the judge, the finding of the commissioner and his report of the evidence were "approved" and "adopted" by the court, and the judgment appealed from is affirmatively shown to be based upon the consideration and examination of the evidence and facts so reported. It sufficiently appears that all the evidence given in the case was reported and is in the record. The character of the fact upon which the decision depends is not one which could be disputed under the issues. Proof thereof was made by the appellee without objection, so that if other evidence touching other questions had been heard and was not in the record, such fact would be immaterial. *Indiana Clay Co.* v. *Baltimore, etc., R. Co.* (1903), 31 Ind. App. 258; *American Fire Ins. Co.* v. *Sisk* (1894), 9 Ind. App. 305; *Shorb* v. *Kinzie* (1881), 80 Ind. 500; *Johnson* v. *Wiley* (1881), 74 Ind. 233.

Among other grounds for a new trial set up in the motion therefor are the statutory ones that the decision is contrary to law and not supported by evidence. A decision which treats the orders and proceedings of a court having jurisdiction of the subject-matter and parties as a nullity is contrary to law. *Soules* v. *Robinson* (1902), 158 Ind. 97. A decision by which such prior proceeding is treated as of noneffect in the absence of allegation and proof rendering it ineffectual as against a collateral attack, is not sustained by sufficient evidence.

These considerations lead to a reversal of the judgment. It is evident that the relatrix was not without provocation, and that the conduct of the surviving partner is a proper subject for investigation. There is no class of trusts in which it is so easy for the trustee to imagine himself as the only party in interest as in those of this class, and it therefore devolves upon the judge of the

court to which he must report to hold a firm hand and permit continuance and delays in administration only where necessary to prevent destruction of firm assets. The presumption is that upon a showing the Greene Circuit Court would have ordered Harrah to file his final report, when by exceptions his liability, if any existed, could have been determined, the bond remaining as a guaranty for the payment of whatever might be due.

Judgment reversed, and cause remanded, with an instruction to sustain the motion for a new trial.

## On Petition for Rehearing.

Roby, C. J.—It is insisted that evidence can be brought into a record on appeal only by a bill of exceptions. Where evidence taken by a commissioner is embodied in his report, such report being by statute made a part of the record without any bill of exceptions, the evidence therein included is a part of the record as fully as any other portion thereof. Nor does the fact that the entire report was not filed at one time prevent its being considered as an entirety.

The findings made by the commissioner, as well as the evidence upon which they were based, show the pendency of the proceedings for the settlement of the partnership affairs by the surviving partner, and the existence of orders therein made which are not subject to collateral attack and which are not attacked directly.

That no other evidence than that reported and no other facts than those stated by the commissioner were considered by the court, affirmatively appears from its finding and judgment, which are in part as follows: "And the court examines and reviews the evidence and findings of facts as reported by said master commissioner, and, after being fully advised in the premises, overrules said separate objections and exceptions to said report, and the defendants each separately and severally except. Whereupon this cause is

submitted to the court for trial, finding, judgment and decree, without the intervention of a jury, and the evidence reported by said master commissioner being fully considered, and the court, having examined said report of the evidence and finding of facts, finds for the plaintiff and against the defendants upon the evidence, and that the finding of facts reported by the master commissioner should be approved and adopted by the court as the court finds, to which ruling and finding of the court the defendants each severally and separately except. And said conclusions of fact as embodied in said master commissioner's report are now by the court approved and adopted, and said master commissioner discharged, and the defendants each severally and separately except."

It is not intended to hold that no action can, under any circumstances, be maintained upon the bond executed by a surviving partner, pending the settlement of such trust in the court having jurisdiction thereof, and the language heretofore used is qualified by the facts presented, and has reference only to a case in which orders made by such court are collaterally assailed. Appellee however meets the situation by asserting that the orders made by the Greene Circuit Court in the matter over which it had jurisdiction— of subject-matter, by statute, and of parties, by their own acts are void. With this proposition we cannot agree.

Petition for a rehearing overruled, and the mandate is modified to permit the appellee to amend the complaint if desired.

Myers, Comstock and Robinson, JJ., concur. Black, P. J., concurs in result. Wiley, J., absent.