ROBINS v. SANDFORD et al.

No. 956—5081.

Commission of Appeals of Texas, Section B.
June 28, 1930.

John J. Hiner and M. L. Swartzberg, both of Fort Worth, for plaintiff in error.

L. J. Wardlaw, W. H. Lipscomb, and Thompson & Barwise, all of Fort Worth, and Albert B. Hall, of Dallas, for defendants in error.

LEDDY, J.

This suit was instituted by plaintiff in error as trustee of the Owenwood Pool No. 3 trust estate against W. G. Sandford and others. The trial court sustained general and special demurrers to the petition, and the Court of Civil Appeals affirmed its judgment. 1 S.W.(2d) 520.

The disposition of the case is controlled by a decision of one question, and that is whether or not in this collateral attack the plaintiff in error may show that the order of the district court of the Eighty-Third judicial district appointing defendant in error W. G. Sandford receiver for the Owenwood Pool No. 3 is void, because the suit in which such appointment was made was not pending in the court at the time, the petition not being filed therein until the following day.

The order made by the judge in chambers is as follows:

"In the District Court of Upton County, Texas, Eighty-third Judicial District.

"C. B. Tandy v. Owen A. Wood et al. No. 83.

"The petition filed herein, and praying, among other things, for the appointment of a receiver, having been presented to me, in chambers, on this, the 13th day of May, 1926, it is ordered, adjudged, and decreed that W. G. Sandford, of Fort Worth, Tarrant County, Texas, be, and he hereby is, appointed receiver of all of the assets and properties described in said petition, and of all other assets and properties belonging to, or standing in the name of, Owenwood pool No. 3, or in the name of J. W. Robins, trustee for Owenwood pool No. 3, or in the name of Owen A. Wood, trustee for Owenwood pool No. 3, and situate in the state of Texas, and of all other properties situate in the state of Texas, and belonging to the said Owenwood pool No. 3, or to the owners of interest or units therein and situate in said state; and, in addition to the powers conferred upon the receiver by stat-ute, said receiver is now and here expressly authorized, empowered, and directed to take immediate possession and control of, and operate and manage all of, said properties. And I hereby fix the bond of the said W. G. Sandford, receiver, at the sum of $100,000, the same to be conditioned as required by law; this appointment to take effect upon the execution and approval of said bond and the filing herein by said receiver of the statutory oath. C. R. Sutton, Judge, District Court, Upton County, Texas, 83rd Judicial District."

The doctrine is thoroughly settled in this state that the judgment of a court of record, which recites the necessary jurisdictional facts, is not subject to collateral attack, but can only be assailed by a direct proceeding in the court in which it was rendered. Treadway v. Eastburn, 57 Tex. 209; Mikeska v. Blum, 63 Tex. 46; Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Lyne v. Sanford, 82 Tex. 58, 19 S. W. 847, 27 Am. St. Rep. 852; Crawford v. McDonald, 88 Tex. 632, 33 S. W. 328; Hopkins v. Cain, 105 Tex. 591, 143 S. W. 1145; Switzer v. Smith (Tex. Com. App.) 300 S. W. 31; Levy v. Roper, 113 Tex. 356, 256 S. W. 251; Brown v. Clippinger, 113 Tex. 364, 256 S. W. 254.

The question arises, Is an ex parte order appointing a receiver entitled to the same verity against collateral attack as a final judgment?

In 23 Cyc., p. 1031, it is announced that the rule against collateral impeachment is applicable to all orders of a court of competent jurisdiction the same as to its final judgments.

In Van Fleet on Collateral Attack, § 17, p. 21, the author states the rule to be as follows:

"The rule against permitting collateral attack applies to protect interlocutory orders as well as final judgments, though the doctrine of res adjudicata does not."

This author points out the distinction between the two doctrines, saying:

"A judgment must be final on the merits to constitute a bar to a further consideration of the issues in the case on the ground that they are res adjudicata, while each and every step taken or order made in the proceedings, whether it concerns the merits or not, is just as impervious to collateral attack as the final judgment on the merits."

In connection with this rule, the author makes the further statement:

"An interlocutory order, no matter how erroneous, if not void, will justify or protect a person as completely as the final judgment itself. An error therein, no more than in a final judgment, is no excuse for disobedience."

In Black on Judgments, § 246, it is said that the rule against collateral impeachment

applies to every judgment, order, decree, or judicial proceeding of whatever nature which is not absolutely void.

In 15 Stand. Proc., p. 397, it is stated that the prohibition against collateral impeachment applies against any judgment or decree, whether made upon consideration of the merits or not, and in whatever sort of judicial proceeding.

In Parsons v. Milford, 67 Ind. 489, it was decided that ex parte orders made in the preliminaries of an estate, previous to the order or final settlement, are interlocutory in character, and, while within the control of the court making them until final settlement of the estate, so long as they remain in force, constitute adjudications of the matters to which they properly relate in the same manner as ordinary judgments in a court of record, so that they cannot be attacked collaterally in a suit upon the executor's or administrator's bond.

It is held with practical unanimity by the courts everywhere that the rule against permitting collateral attack applies to protect interlocutory orders and proceedings as well as final judgments. Lyne v. Sanford, 82 Tex. 58, 63, 19 S. W. 847, 27 Am. St. Rep. 852; Huttig Sash & Door Co. v. Fuelle (C. C.) 143 F. 363; Graves v. Denny, 15 Ga. App. 718, 84 S. E. 187; Harrah v. State, 38 Ind. App. 495, 76 N. E. 443, 77 N. E. 747; State v. Ellison, 285 Mo. 301, 226 S. W. 559, 12 A. L. R. 1157; State ex rel. Wiseman v. Wheeler, 127 Ind. 451, 26 N. E. 552, 1008.

Our Supreme Court, in Edrington v. Pridham, 65 Tex. 616, in denying the right to collaterally attack an order appointing a receiver, said:

"If, in making the appointment, the court proceeded upon an insufficient showing, the order was erroneous and subject to revision, but not void or open to collateral attack." Citing Dean v. Thatcher, 32 N. J. L., 470; Wood v. Blythe, 46 Wis. 650 [1 N. W. 341].

In Holland v. Preston (Tex. Civ. App.) 41 S. W. 374, a collateral attack was sought to be made upon an ex parte order appointing a receiver, but the court held that such order could not be so assailed, stating that the rule against collateral attack under such circumstances "is a settled one."

In Greenfield v. Hill City Land, Loan & Lumber Co., 141 Minn. 393, 170 N. W. 343, it was determined by the Supreme Court of Minnesota that an ex parte order appointing a receiver was entitled to the same verity against collateral attack as a final judgment of the court. This decision seems to be in line with the holding in other states wherever the question has arisen. State ex rel. Wiseman v. Wheeler, 127 Ind. 451, 23 N. E. 552, 1008; Taylor v. Easton, 180 F. 363, 103 C. C. A. 509; Blanchard Bros. & Lane v.

Gay, 289 Ill. 413, 124 N. E. 616; Richardson v. McCloskey (Tex. Civ. App.) 261 S. W. 801; Hovel v. Kaufman (Tex. Civ. App.) 266 S. W. 858, affirmed Commission of Appeals, 280 S. W. 185; Davis v. Mitchell (Tex. Civ. App.) 225 S. W. 1117; State ex rel. Van Hafften v. Ellison, 285 Mo. 301, 226 S. W. 559, 12 A. L. R. 1165, and note thereunder.

The order in this case actually reciting the jurisdictional fact—a finding by the court that the petition had been filed—comes clearly within the rule announced in the many authorities cited, hence it must be held to import absolute verity as against the collateral attack sought to be made in this case.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.