STATE EX REL. LINTZENICH *v.* VANDERBURGH PROBATE
COURT, CLEMENTS, JUDGE, ETC.

[No. 29,213.   Filed September 28, 1954.]

*Wilbur F. Dassel* and *Winfield K. Denton,* both of
Evansville, for relatrix.

*F. Wendell Lensing,* of Evansville, for respondent.

GILKISON, J.—Relatrix has filed her original action in this court seeking a temporary writ of prohibition against respondents to prevent them from making further orders in cause No. 15,725 in respondent court and requiring them to show cause why such writ should not be made permanent.

We issued the temporary writ. Respondents have filed their written response and this matter is at issue.

The material facts before us from the petition and response are substantially as follows:

Leo Lintzenich died intestate and The Citizens National Bank of Evansville duly qualified as administrator of his estate in respondent court. As such it duly filed an inventory of his personal estate, in which was included furniture and fixtures in Leo Snack Bar of

the appraised value of .................. $4,528.50

Merchandise .......................... 1,951.95

Cash ................................. 840.13

Checking acct. Cit. Nat. Bank ............. 901.94

Total ................................ $8,222.52

This property was inventoried as belonging to decedent and one Mildred Smith as partners each owning 50% — decedent's interest being of the value of $4,111.26. The license to operate the Snack Bar or Tavern was in the name of Mildred Smith. It was not inventoried by the administrator as property in which decedent owned an interest. On June 11, 1954, the administrator filed its complaint in respondent court against relatrix under the name of Mildred Smith, asking that a receiver be appointed "to take charge of and administer upon the assets and affairs of said partnership." It is averred that Leo Lintzenich died December

6, 1953. That more than six months had elapsed since his death and Mildred Smith only surviving partner has wholly failed to qualify and settle said matter as surviving partner in manner and form as provided by law. On June 24, 1954, relatrix, without disclosing any change in her name from Mildred Smith, filed a general demurrer to this complaint, which was overruled.

As relatrix and under the name Mildred Smith Lintzenich this original action was then filed.

There is no mention in the complaint in the cause No. 15,725—The Citizens National Bank of Evansville v. Mildred Smith, of the license to operate the "Snack Bar" or tavern, and the only prayer for relief is that a receiver be appointed to take charge of and administer upon the assets and affairs of said partnership. This complaint seems to be in all things agreeable with the statutory law of Surviving Partners, Secs. 50-301 to 50-307, inclusive, Burns' 1951 Repl. The Probate Court has jurisdiction to appoint a receiver upon a proper petition filed by one interested in the settlement of a partnership. *White* v. *Suggs* (1914), 56 Ind. App. 572, 582, 104 N. E. 55; *Webster* v. *Major* (1904), 33 Ind. App. 202, 208, 71 N. E. 176; *Harrah* v. *Ex. Rel. Dyer* (1906), 38 Ind. App. 495, 501, 76 N. E. 443, 77 N. E. 747; Secs. 50-302, 50-305, 50-306, Burns' 1951 Repl.

The response further shows that on May 26, 1954, relatrix filed her duly verified petition in respondent's court in the Matter of the Estate of Leo Lintzenich, deceased, No. 11,320, in which she claims her rights as the common law wife of the decedent. This is a proper proceeding to present the claim of common law wife by relatrix. *State ex rel. Schumacher* v. *Adams Circuit Ct.* (1947), 225 Ind. 200, 204, 73 N. E. 2d 689.

It is quite apparent that all the matters which relatrix seeks to have adjudicated in this original action are before the respondent court for adjudication in the claim of relatrix aforenoted and the petition for the appointment of a receiver. We have no right to indulge a presumption that respondents will decide the issues in the matters before them wrongly, and because of that presumption try to supervise or direct proceedings in the trial court. *State ex rel.* v. *Montgomery Cir. Ct.* (1945), 223 Ind. 476, 483, 488, 62 N. E. 2d 152, 153. In these proceedings we are not concerned with the matter of how respondents may decide the matters that may come before them in the actions mentioned. We are concerned only with whether they have jurisdiction to hear and determine the issues thus presented to them. We think they have that jurisdiction. Secs. 4-3010, 4-3012, Burns' 1946 Repl. The right to hear and determine carries with it the possibility of error.

For the reasons given, the temporary writ of prohibition issued herein is revoked, and a permanent writ is denied.

NOTE.—Reported in 121 N. E. 2d 723.