## DAVIS v. MITCHELL. (No. 8733.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 27, 1920.)

**1. Receivers ⬳59—Collateral attack on appointment improper.**

Where plaintiff receiver, suing a stockholder on a note for his stock subscription, was appointed in a former suit against the corporation, defendant's plea that the suit against the corporation was collusively instituted to avoid frauds practiced on the stockholders was a collateral attack on the order of appointment, and could not be maintained.

**2. Judgment ⬳678(6)—Judgment in favor of receiver will bar creditors represented.**

Judgment rendered in favor of receiver of an insolvent corporation suing its debtor on a stock subscription will, when paid, be a complete bar to any further suit in behalf of the same creditors represented by the receiver.

**3. Corporations ⬳92—Subscriber cannot escape liability on note given for stock where he participated in meetings.**

Subscriber to stock in a bonding and casualty insurance company whose subscription contract stipulated it was payable in moneys or securities satisfactory to the insurance department, and who gave his note therefor, cannot escape liability thereon on the ground that by Const. art. 12, § 6, and Vernon's Sayles' Ann. Civ. St. 1914, art. 1146, a corporation is forbidden to issue stock except for money paid, labor done, or property actually received reasonably worth the amount of the stock; such subscriber having participated in stockholder's meetings, etc.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by J. W. Mitchell, as receiver of the Commonwealth Bonding & Casualty Company, against D. C. Davis. From a judgment for plaintiff, defendant appeals. Affirmed.

Clendenen & Simmons and Alexander, Baldwin & Ridgway, all of Ft. Worth, and Crudgington & Works, and Kimbrough, Underwood & Jackson, all of Amarillo, for appellant.

Ocie Sper, of Ft. Worth, for appellee.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

DUNKLIN, J. D. C. Davis subscribed for $5,000 of the capital stock in the Commonwealth Bonding & Casualty Insurance Company. At the time of his subscription he paid cash $625 and executed his promissory note for the remainder of his subscription in the sum of $4,375. Later J. W. Mitchell was appointed receiver of the property of the insurance company; the appointment being made by the district court of Tarrant county. This suit was instituted by the receiver to recover of Davis the amount due upon the note mentioned, and from a judgment in favor of the plaintiff the defendant has appealed.

The case was tried before a jury, and the judgment rendered was upon an instructed verdict by the court.

One of the defenses urged by Davis was that the suit should be abated because the appointment of the receiver was collusively and fraudulently instituted against the company by its officers and some of its stockholders for the purpose of enabling the company to thereby evade and avoid the legal effect of the frauds and misrepresentations which had been practiced upon the stockholders, including the defendant, by the promoters who had secured subscriptions for stock prior to the organization of the company and for the purposes of such organization; the facts constituting such fraud being alleged in connection with that plea.

By several assignments appellant insists that evidence was introduced which tended to support said plea, and that the court erred in excluding that issue by his peremptory instruction to the jury to return a verdict in plaintiff's favor.

[1] The receiver was appointed in another and different suit from the present one, and clearly the attack now made upon the order appointing the receiver is collateral. Under such circumstances it is well settled that the defendant is in no position to attack the validity of the order appointing the receiver. Murchison v. White, 54 Tex. 78, Mikeska v. Blum, 63 Tex. 44; Holland v. Preston, 41 S. W. 374; New Britain Mach: Co. v. Watt, 180 S. W. 624.

[2] The authorities cited by appellant to support this assignment do not announce a different rule from that held in the decisions noted above, and by many others which might be added. In many of appellant's authorities, such as Lord v. Veazie, 8 How. 251, 12 L. Ed. 1067, and Ward v. Alsup, 100 Tenn. 619, 46 S. W. 574, it was held, in effect, that a collusive suit merely to decide some question that would affect third parties, and not to determine any real controversy between the parties to that suit, would not be entertained; but in each of those cases the collusion was between the parties to that very suit, and what was said did not relate to the question of a collateral attack upon a judg-

ment or order of the court in some other suit. And in T. & P. Ry. Co. v. Gay, 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52, the collateral attack made upon the orders of another court in another suit was sustained because the court which made those orders was without jurisdiction over the property affected thereby, and the orders were therefore void. And it may be noted further in this connection that no attempt was made to show that at the time J. W. Mitchell was appointed receiver of the property of the Commonwealth Bonding & Casualty Insurance Company that company was then solvent; on the contrary, it appears conclusively that the company was then insolvent, and hence a cause of action existed in behalf of its creditors against those who were justly indebted to the company. And it cannot be doubted that a judgment rendered in favor of the receiver, Mitchell, representing those creditors, will, when paid, be a complete bar to any further suit in behalf of the same creditors.

[3] The subscription contract signed by the plaintiff stipulated that it was payable "in money or securities satisfactory to the insurance department." Appellant insists that since by article 12, § 6, of our Constitution and article 1146, V. S. Tex. Civ. Statutes, a corporation is forbidden to issue stock except for money paid, labor done, or property actually received reasonably worth the amount of the stock, the issuance of stock to him by the corporation in consideration of his promissory note was an illegal transaction which rendered void both the stock issued and the note given therefor, and that therefore no recovery could be had upon the note in suit.

The plaintiff replied to that plea with the plea that the defendant, having participated in the transaction, and having accepted the stock, and having recognized the validity of the corporation by numerous acts, was estopped to assert that defense; and the evidence showed that on different occasions he had participated in meetings of the stockholders of the corporation. The question thus raised by appellant has been conclusively settled against him by our Supreme Court in the case of Mitchell v. Porter, 223 S. W. 197, and the authorities therein cited. And it might be noted further that that was a suit by the same receiver against Porter, who also subscribed for stock in the same company and under the same circumstances. It was held in that decision, as well as in several other cases cited in the opinion, that the stockholder, by participation in the alleged illegal act, was estopped from asserting the invalidity of the transaction as a defense to the note given for capital stock in the corporation.

For the reasons indicated, the judgment is affirmed.