## STUART v. MITCHELL. (No. 2529.)

(Court of Civil Appeals of Texas. Texarkana. May 4, 1922. Rehearing Denied May 18, 1922.)

Corporations ⬤➝92—Vice president of insurance corporation estopped to deny validity of his notes for stock which he permitted company to hold out as valid.

Where the vice president of an insurance company, who had given to the company his notes secured by collateral in payment for the balance due on the stock for which he subscribed, had permitted the company with his knowledge to hold out the notes to other stockholders and to its creditors as valid obligations, he is estopped, after the appointment of a receiver for the company, to deny that the notes were legal obligations.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit by J. W. Mitchell as receiver of the Commonwealth Bonding & Casualty Insurance Company, against R. T. Stuart, to recover on two promissory notes. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee, as the duly appointed and acting receiver of the Commonwealth Bonding & Casualty Insurance Company, a private corporation, brought the suit against appellant · to recover on two promissory notes, one for the sum of $2,500, and one for the sum of $1,000, executed and delivered by appellant to the Commonwealth Bonding & Casualty Insurance Company. The petition alleges:

"That on, to wit, on or about the —— day of ——, 1911, the defendant made and entered into a certain subscription contract in writing wherein and whereby the defendant subscribed for and agreed to pay for, in cash or securities satisfactory to the Insurance Department, with 6 per cent. interest, to the Commonwealth Bonding & Accident Insurance Company, —— shares of capital stock of said insurance company, in the sum of $3,500, and that thereafter, to wit, on December 1, 1911, defendant made, executed and delivered to Commonwealth Bonding & Casualty Insurance Company his certain promissory notes as follows: [Here follows description.]"

The petition further alleges that the collaterals named in the petition were attached to the notes to better secure the same. The prayer is for judgment for the amount of the notes, interest, and attorney's fees, with foreclosure of the deed of trust lien given to secure the debt, and for foreclosure of the lien upon the collateral securities, and, in the alternative, the prayer is for judgment on the alleged contract of subscription to the capital stock. The defendant answered by general denial, and specially pleaded, under oath, that the notes sued on were wholly without consideration, and further that the subscription agreement and the notes were invalid because the same are in violation of the constitution and statutes of the state. The appellee replied to the answer by denial, and specially pleaded estoppel on the part of the appellant from denying the validity of the notes sued on. ·

The case was tried before the court without a jury, and he made the following findings of fact and conclusion of law:

### "Findings of Fact.

"(1) The court finds that the defendant, R. T. Stuart, one of the promoters and organizers of Commonwealth Bonding & Casualty Insurance Company, and that he became and was one of its directors, and, as such director, participated in the business and transactions of the said Commonwealth Bonding & Casualty Insurance Company, a corporation, and that the defendant became and was vice president of the said corporation.

therefor, and that the defendant, R. T. Stuart, took over the subscription contract of the said Wingo, and obligated himself to take and pay for the said capital stock and surplus subscribed for by the said Wingo, and did, on the 1st day of December, 1911, make and execute the $1,000 note payable to the Commonwealth Bonding & Casualty Insurance Company, which is sued upon herein, and promised to secure the said note, but failed, neglected, and refused to secure the same.

"(3) The court finds that the defendant, R. T. Stuart, became a stockholder in Commonwealth Bonding & Casualty Insurance Company, and as such executed proxies to be used in the stockholders' meetings of the said company, and that he participated in the meetings and in the transactions of business of said company, and that the principal sums of the two notes sued upon herein represent the unpaid balance of capital stock for which he subscribed. The court finds that, as an officer and stockholder in Commonwealth Bonding & Casualty Insurance Company, the defendant, R. T. Stuart, executed and delivered to the said company his two promissory notes payable to it, being the same notes that are sued upon herein by the receiver, and that such notes, by and with the consent of the defendant, R. T. Stuart, were placed among the assets of said Commonwealth Bonding & Casualty Insurance Company, and were held out to the world and to the stockholders and creditors of said insurance company as valid and subsisting obligations; that said notes are long since past due and unpaid.

"**Conclusions of Law.**

"The court concludes as a matter of law that the defendant, R. T. Stuart, is estopped at this time from denying the validity of his said two notes sued upon herein, and that the receiver should and ought to have and recover judgment against the defendant, R. T. Stuart, upon said two promissory notes, as prayed for."

Turner & Turner, of Fort Worth, for appellant.

Speer & Brown, of Fort Worth, for appellee.

LEVY, J. (after stating the facts as above). According to the trial court's conclusion of law the judgment in favor of the receiver was allowed upon the ground only of estoppel. The legal effect attaching to the facts according to the court's conclusion was:

"That the defendant, R. T. Stuart, is estopped at this time from denying the validity of his said two notes sued upon herein."

This is the real and pertinent question in the case. If the appellant is precluded by the doctrine of estoppel from asserting, as a remedy, that the notes sued on are without legal consideration and cannot be enforced by suit thereon, then the other assignments of error as they are herein presented have no application, and could not have been prejudicial. The appellant pleaded failure

of consideration, and in reply thereto the receiver, in the supplemental petition, charges the elements of an equitable estoppel. Under the facts, as found by the trial court, is there an equitable estoppel which ought to preclude the appellant from asserting that the notes in controversy are without consideration and are not enforceable as lacking one of the essential elements of a valid contract? The court finds as a fact that the appellant, both as a director and as an officer, participated in the business and transactions of the corporation. Further:

"That the principal sums of the two notes sued upon herein represent the unpaid balance of capital stock for which he [defendant] subscribed; that the defendant R. T. Stuart executed and delivered to the said company his two promissory notes payable to it, being the same notes that are sued on herein by the receiver, and that such notes, by and with the consent of the defendant, R. T. Stuart, were placed among the assets of said Commonwealth Bonding & Casualty Insurance Company, and were held out to the world and to the stockholders and creditors of said insurance company as valid and subsisting obligations."

It does not affirmatively appear from the court's findings that stock certificates had been issued and delivered to appellant himself. He testified that the stock certificates had not in fact been delivered to him. These facts, as above stated, are not challenged by appellant. It is believed that, in the evidence, the trial court's conclusion is correct. Even though it be correct that the notes given in payment for the stock are not of legal force as between the appellant and the company, it does not legally follow that the notes given for the stock are utterly void and not enforceable under special circumstances. Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320. The special circumstances here are that the appellant expressly consented to have, and knew, the two notes "were placed among the assets" of the company, and that they "were held out to the world and to the stockholders and creditors of said insurance company as valid and subsisting obligations." The creditors dealing with the company could rely upon such notes, "placed," as they were, "among the assets," as being just and legally payable obligations; they could assume that the notes were such as the company were authorized to take and hold within the scope of its authorized business. Consequently all the elements of an estoppel in pais are present when it affirmatively appears, as here, that appellant had knowledge of the facts, as well as the intention and admission, which would make the two notes in equity assets of the company so as to allow creditors to subject same to the payment of their debts. In these facts the want of a consideration could not, because of estoppel, be alleged and

asserted as a defense. Thompson v. First State Bank, 109 Tex. 419, 211 S. W. 977; Davis v. Mitchell (Tex. Civ. App.) 225 S. W. 1117.

The judgment is affirmed.