WOOD vs. BLYTHE.

*(1) When judgment not void, though erroneous.   (2) Statement of venue in affidavit.*

1. The judgment of a circuit court, in default of an answer, divesting the judgment defendants' title to land, and vesting it in the judgment plaintiff, is not *void* merely because the complaint does not state facts warranting such a judgment, nor because the affidavit in proof of publication of summons fails to state properly the venue.

2. Where it appears on the face of an affidavit of publication of summons, that it was sworn to and subscribed before a court commissioner of a county named, *it seems* that this is sufficient to supply the want of any other statement of the venue in such affidavit.

APPEAL from the Circuit Court for *Fond du Lac* County.

*Margaret Wood*, the plaintiff herein, was married to John H. Wood in 1862, and was divorced from him June 8, 1875, by a decree of the circuit court above named, which transferred and allotted to her the title and interest of John H. Wood to and in certain lands described in the complaint in the present action. In 1871, one Douty conveyed said land to John H. Wood, and took from him a mortgage thereof to secure payment of two notes for $600 each, executed to him by John H. Wood and indorsed by Thomas J. Wood. That one of these two notes which would soonest mature, was afterwards assigned by Douty to one Ingram; and on the 21st of October, 1873, Ingram obtained a decree of foreclosure of said mortgage in an action against John H. and *Margaret Wood*. In November following, the premises were sold under said decree to Ingram. On the 7th of October, 1874, Ingram assigned the certificate of sale to the present defendant, who received the sheriff's deed, went into possession of the premises, and remained in possession until the commencement of this action, which was subsequent to the decree of divorce above mentioned.

The complaint herein alleges facts to show that said decree of foreclosure was void for fraud and lack of jurisdiction, as against the present plaintiff; and it demands judgment that said decree, sale and sheriff's deed are void; that plaintiff is entitled to the possession of the premises, and is the owner thereof in fee, subject to a lien for an unpaid balance of the mortgage so foreclosed; that she be allowed to redeem by paying such balance; that this defendant, and any persons holding under him, be adjudged to hold the premises in trust for her, and be required to let her into immediate possession thereof, and to account to her for the rents, issues and profits, etc., etc.

It appears that in April, 1874, the same circuit court, in an action by Thomas J. Wood against John H. and *Margaret Wood*, rendered a judgment by which the title to said land was declared to be in Thomas J. Wood, and by the terms of

which John H. and *Margaret Wood* were barred and foreclosed of all right therein. Subsequently to the date of this judgment, Thomas J. Wood and wife, for a valuable consideration, conveyed the land to the present defendant. The defendant, by his answer herein, therefore, claimed title to the land, not only under the foreclosure sale, but also under the judgment last described.

The circuit court held the foreclosure judgment void both for fraud and want of jurisdiction, upon grounds which need not be stated here. It also held that the judgment in favor of Thomas H. Wood against John H. and *Margaret Wood* was void for lack of jurisdiction, on grounds which will sufficiently appear from the opinion. It thereupon rendered judgment in plaintiff's favor, adjudging her to be the owner of the land, etc. From this judgment the defendant appealed.

For the appellant, there was a brief by *Priest & Carter*, and oral argument by *Mr. Priest*.

For the respondent, there was a brief by *Shepard & Shepard*, and oral argument by *Chas. E. Shepard*.

COLE, J. Without stopping to inquire what effect should be given to the judgment and sale in the foreclosure action of *Ingram v. John H. Wood and wife*, we are very clear in the opinion that the judgment in the case of *Thomas J. Wood v. John H. Wood* and the present plaintiff presents an insuperable objection to granting the relief asked in the complaint. The court below held the judgment in that action void, because the court rendering it had no jurisdiction of the subject matter. We are unable to concur in that view of the matter. The action in *Thomas J. Wood v. John H. & Margaret Wood*, as stated in the complaint, was, in substance, that the plaintiff in that suit purchased from one Douty, for the sum of $1,200, a lot in the city of Fond du Lac; that at the time of purchase it was agreed between the plaintiff and the defendant John H. Wood, that the latter

should buy the lot of the plaintiff, and pay the same that the plaintiff had to pay Douty; that no purchase money was paid down, but that the consideration was paid by the notes of John H. Wood, secured by a mortgage on the lot, and indorsed by the plaintiff; that the deed was made to John H. Wood by Douty; that John H. went into possession, and afterwards delivered possession to the plaintiff; and that John H. never paid anything on the lot, but abandoned it, repudiated his agreement to purchase it, and left the state. It was alleged that while the title of record was in John H., he had no interest whatever in the property, it being expressly agreed that the lot was not to belong to him unless he paid for it. The plaintiff demanded that the title of the property be adjudged to be in him, and that the defendants in the action be barred and foreclosed of all right and interest in the same. The judgment grants the relief asked in the complaint. Now it is insisted, *first*, that the court had no power to divest the title upon the facts stated, or to enforce the resulting or secret trust set forth. Conceding, for the purposes of the argument, that the judgment was clearly erroneous upon the facts stated, and reversible on appeal, yet what legal consequence follows? Manifestly this: the court erred in the exercise of its jurisdiction, and gave a wrong judgment. It was surely competent for the court in a proper case to divest title to real estate, and to enforce a trust. It did so upon an insufficient complaint. Now, to hold the proceedings void because the court rendered a judgment erroneous in law, is to confound all legal distinctions. There was certainly no want of jurisdiction; the court had power to decide as to the sufficiency of the pleading; and the most that can be said is, that it decided erroneously upon the facts stated. It held that the complaint set forth a cause of action, when it should have decided that the trust or parol agreement was void. Suppose the complaint had been demurred to on the ground that it did not state facts constituting a cause of action: would not the court have

had jurisdiction to decide all questions arising on the demurrer? Most certainly. This test is sufficient to show that the court had jurisdiction of the subject matter of the action (*Arnold v. Booth*, 14 Wis., 180, and authorities cited in the opinion); and the judgment in that cause cannot be held void on that ground.

But, *secondly*, it is insisted that the proceedings in that suit were void because the action was founded on a parol agreement for the sale of an interest in lands, and was therefore within the statute of frauds. The same answer must be given to this objection as to the other. It is not a question of jurisdiction because the court held that the parol agreement was valid. This was an error merely. Suppose a party should bring an action upon a parol contract for the sale of goods and chattels exceeding in price $50, and the court should give judgment for the plaintiff. Could any one seriously claim, when such judgment came collaterally in issue, that it was void for want of jurisdiction of the subject matter? The case supposed is strictly analogous to the one under consideration. But it seems to us that no further remarks are necessary upon this branch of the case, to show that the learned circuit court was wrong in holding the judgment in the action of *Thomas J. Wood v. John H. & Margaret Wood* void because the court had no jurisdiction of the subject matter. For, whether the circuit court was correct in adjudging, on the complaint and proofs, the title to be in Thomas J. Wood, and in foreclosing the defendants in the action from all rights in the lot, is not a question before us. It is clear that the judgment was not void for the reason given by the circuit court.

A further objection was taken to the proceeding in *Wood v. Wood*, which is, that the affidavit of publication made by the printer, H. M. Kutchin, was not sufficient to show that the court acquired jurisdiction of the defendant John H. Wood. The affidavit for an order of publication as in case of a nonresident defendant, was formal and regular. But there is no

venue to the affidavit of the printer, and this is the only objection taken to the proof of publication. It appears, however, on the face of the affidavit, that it was sworn to and subscribed before A. M. Blair, who signs himself as "Court Commissioner of Fond du Lac County, Wis.," and we are inclined to hold that this is sufficient to supply the defect of venue. At all events, the circuit court must have held the proof of publication sufficient before rendering the judgment in the action.

As we hold the judgment in the case of *Wood v. Wood* good in this collateral proceeding, it follows that the judgment of the circuit court in this case must be reversed, and the cause must be remanded to that court with directions to dismiss the complaint.

*By the Court.* — So ordered.