**TEXAS–PACIFIC COAL & OIL CO. v. AMES et al. (No. 925–4703.)**

(Commission of Appeals of Texas, Section A. March 23, 1927.)

1. **Judgment ⬛479—Judgment in interpleader suit establishing right in sum deposited held conclusive that court had custody of fund as against collateral attack.**

Judgment, in interpleader suit, adjudicating and establishing rights of impleaded parties to fund which according to recitals of judgment was in custody of court and subject to its jurisdiction, *held* conclusive of fact that court rendering judgment had actual custody of fund, as against collateral attack attempted to be made in subsequent suit to recover such sum after discovering that clerk with whom money had been deposited had embezzled it before rendition of judgment therein.

2. **Judgment ⬛517—Evidence aliunde held incompetent to impeach judgment as against collateral attack.**

Evidence aliunde, though introduced without objection, is incompetent to impeach absolute verity which law ascribes to judgment as against collateral attack made upon it.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by John Ames and others against the Texas-Pacific Coal & Oil Company. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (284 S. W. 315), and defendant brings error. Reversed and rendered.

Clarence Wightman and John Hancock, both of Fort Worth, for plaintiff in error.

Chastion & Judkins and Conner & McRae, all of Eastland, and Chas. L. Black, of Austin, for defendants in error.

HARVEY, P. J. This suit was brought by John Ames and others in Eastland county, in the district court for the Ninety-First Judicial district, against the Texas-Pacific Coal & Oil Company for the recovery of certain rentals alleged to be due for the year 1919 on a certain oil and gas lease. A jury having been waived, the court, upon trial of the case, rendered judgment for the plaintiffs against the defendant company for the recovery of the amount of rentals stated in the judgment. On appeal prosecuted from this judgment by the defendant company, the Court of Civil Appeals affirmed the judgment of the trial court. 284 S. W. 315.

In the year 1919, the defendant company held a certain oil and gas lease, under which it owed the rentals for which the plaintiffs recovered judgment in the present suit. There being several conflicting claimants of such rentals, among whom were John Ames and his coplaintiffs in the instant suit, the Texas-Pacific Coal & Oil Company, as plaintiff, filed in the district court for the Eighty-Eighth judicial district, on August 30, 1919, a bill of interpleader, wherein it impleaded as defendants all said conflicting claimants, for the purpose of having the court determine which of the claimants were entitled to receive such rentals. The bill of interpleader alleges a tender into court, by the plaintiff in the bill, of the amount of said rentals, and prayed that defendants in the bill "be cited to appear and file their pleadings, and that upon hearing of the cause, the court determine the rights of the respective parties in and to the sum of money tendered into court and that the clerk be directed to make payment accordingly." On September 5, 1919, the coal and oil company, for the purpose of making good the tender alleged in its bill of interpleader, delivered to the clerk of the Eighty-Eighth district court a check for the amount of said rentals, which check was cashed by the clerk and he received the amount of money that the check called for. No order of court ever was made or entered which in terms authorized the coal and oil company to deposit the amount of said rentals in the registry of the court. In due time, all the conflicting claimants, including the plaintiffs in the present suit, duly appeared and answered in the interpleader suit, setting up their respective claims to the rentals in question. The said interpleader suit was numbered and styled on the docket of said court, No. 5400, Texas Pacific Coal & Oil Co. v. J. B. Ames et al. On February 24, 1920, that suit coming on for trial, the said court entered therein a final judgment wherein it was adjudged and decreed that John Ames and his coplaintiffs in the instant suit "be and they are hereby confirmed and established in their title to the fund deposited by plaintiff in the registry of the court as against plaintiff and defendant, B. S. Walk-

er." (Walker was one of the impleaded claimants of said rentals.) The said judgment further ordered and decreed:

"That the clerk of this court pay the funds in his hands to the parties to this suit here and now named in the amounts indicated here now, to wit" (naming parties and amounts, including all the plaintiffs in the instant suit).

At the time the last-mentioned judgment was rendered, the court and all parties to said suit believed that the amount of money that had been received by the clerk on said check of the coal and oil company was on deposit in the registry of the court. Some time after the rendition of said judgment, the clerk of said court absconded, leaving in the registry of the court none of the money that had been deposited with him by the coal and oil company, and he still is a fugitive from justice.

In bar of the instant suit, the defendant company specially pleaded the above-mentioned judgment rendered in the interpleader suit, and in support of such plea introduced in evidence upon the trial of this case the pleadings of the parties in the interpleader suit and the said judgment therein rendered.

The plaintiff John Ames and his coplaintiffs, by supplemental petition, collaterally attacked said judgment; and, upon the trial of the case and without objection from the defendant company, introduced evidence, aliunde the record of the interpleader suit, for the purpose of showing that as a matter of fact the money that had been deposited with the clerk by the coal and oil company in the interpleader suit was not in the hands of the clerk when said judgment was rendered, but had been embezzled by him and appropriated to his own use long prior to the time of the rendition of such judgment. The contention of the plaintiff herein being to the effect that, in view of the fact that said court had not entered an order which in terms authorized the deposit of said rentals in the registry of the court, this evidence is competent to prove, in this collateral attack, that the Eighty-Eighth district court never in fact had custody of said fund, notwithstanding contrary recitals of the judgment as above set out. The trial court in effect sustained this contention of the plaintiffs, by rendering judgment in their favor for the recovery of said rentals; thereby, in legal effect, refusing to sustain the defendant company's plea in bar.

[1, 2] We think that in failing to sustain the defendant's said plea in bar of this suit, the trial court committed error. The said judgment in the interpleader suit, introduced in support of said plea, purports to deal with and make final distribution of a fund composed of the rentals now sued for in the present suit, which fund according to the recitals of the judgment was in the custody of the court and subject to its jurisdiction at

the time. The rights of the impleaded parties in such fund were adjudicated and established; and distribution of the fund was directed to be made by the clerk, as an officer of the court, in accordance with the rights of the several parties in the fund as those rights were fixed by the judgment. That judgment remains in full, force. As against the collateral attack attempted to be made against it in the present suit, such judgment is conclusive of the fact that the court which rendered it had actual custody of the fund with which the judgment purports to have dealt. Evidence aliunde, though introduced without objection, is incompetent to impeach the absolute verity which the law ascribes to such judgment as against a collateral attack made upon it. Treadway v. Eastburn, 57 Tex. 209; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Stewart v. Poinboeuf, 111 Tex. 305, 233 S. W. 1095; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329; Stephenson v. Miller-Link Lumber Co. (Tex. Com. App.) 277 S. W. 1039.

Because of the error herein above pointed out, we recommend that the judgment of the trial court herein rendered in favor of John Ames and his codefendants in error, and the judgment of the Court of Civil Appeals affirming same, be reversed, and that judgment be here rendered for the plaintiff in error, the Texas-Pacific Coal & Oil Company, sustaining its said plea in bar, and ordering this cause to be dismissed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.