**Roy CARLTON, Appellant,**

**v.**

**Herman BOS, Trustee, Appellee.**

**No. 5069.**

Court of Civil Appeals of Texas.

Beaumont.

June 23, 1955.

Fred A. White, Port Arthur, for appellant.

Rutan, Phares, Hall & Flowers, Guy Rucker, Port Arthur, for appellee.

R. L. MURRAY, Chief Justice.

Suit was filed by appellee, Herman Bos, Trustee, against appellant, Roy Carlton, in the district court of Jefferson County for rents due and for foreclosure of a landlord's lien. This suit was filed July 12, 1954. On September 24, 1954, appellee filed an application for the appointment of a receiver of certain property of the appellant. After notice to the appellant, a hearing was had on the application on October 15, 1954. Appellant did not appear and

made no contest of such application. After hearing evidence the district court appointed Guy Rucker receiver. The receiver filed his oath and bond on October 20, 1954. The order appointing the receiver and requiring a bond by him did not require the appellee, as applicant for receivership, to file a bond.

The appellant did not contest the application and did not appeal from such order appointing a receiver.

On January 12, 1955, however, appellant filed a motion to vacate the receivership, alleging that the order was void because it did not require the applicant to file a bond. On January 25, 1955, the court ordered appellee to file a bond, which he did on the same day. Said order provided that such bond filed by appellee should be. effective from the date when the application for receivership was filed.

On the same date, January 25, 1955, the court overruled the motion to vacate the receivership, and appellant has appealed to this court from such order.

On his appeal from such order refusing to vacate the receivership, appellant says that (1) it was error to appoint such receiver without requiring a bond by the appellant; (2) such order was therefore void; (3) it was error to appoint the receiver because appellee was then in possession of the personal property of appellant; (4) the application for receivership did not allege grounds for the appointment of a receiver; (5) the trial court was without authority to enter an order on January 25, 1955, requiring appellee to file a bond and make such bond retroactive to the date of the application for receivership, September 24, 1954.

Appellant's points 1 to 4, inclusive, are overruled. The order appointing the receiver without requiring a bond by the applicant was not void, but merely voidable. It was an error which could be corrected by the trial court, and this has been done. Bettinger v. North Fort Worth Ice Company, Tex.Civ.App., 278 S.W. 466; Kostoff v. Harris, Tex.Civ.App., 266 S.W.

2d·204; Carleton v. Dierks, Tex.Civ.App., 195 S.W.2d 834.

The appellant cannot in this case complain of the evidence or pleadings on which the receivership was granted, since he did not contest the application and did not appeal therefrom. All of the first four points of appellant are directed at the original proceedings, and they are overruled.

On the authority of Carleton v. Dierks, supra, we overrule point 5, and hold that the trial court did have authority to require the appellee to file a bond, effective from the date when his application for receivership was filed. While that case, and the authorities cited therein, deal with a bond for injunction, the principle involved is identical with that of a bond for receivership. Such order of January 25, 1955, must be regarded as merely corrective of the original order appointing a receiver, and the two orders together constitute the order appointing the receiver.

The order and judgment appealed from is affirmed.