Louis SCHMIDT et al., Appellants,

v.

STANOLIND OIL & GAS COMPANY (Pan American Petroleum Corporation), et al., Appellees.

No. 7179.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 2, 1960.

Paul P. Regnier, James A. Clark, Houston, for appellants.

A. M. Huffman, Beaumont, Fountain, Cox, Gaines & Fox, Joyce Cox, James A. Pakenham, Houston, for appellees.

FANNING, Justice.

Louis Schmidt and others, claiming as heirs of August Schmidt, deceased, on May 28, 1954, in the District Court of Newton County, Texas, brought a suit in trespass to try title to recover the August Schmidt survey in Newton County, Texas, from Stanolind Oil & Gas Company (now Pan American Petroleum Corporation) and other named defendants. Defendants filed a motion for summary judgment wherein they contended that all of the heirs of August Schmidt were bound by a 1944 judgment, under which judgment defendants held title, whereby the plaintiffs in the 1944 proceeding recovered the lands in question from August Schmidt and the unknown heirs of August Schmidt and the other parties named in the 1944 judgment. The trial court sustained defendants' motion for summary judgment and plaintiffs have appealed.

Appellants on appeal contend that the 1944 judgment was "voidable" and "invalid" as to Alex Schmidt, one of the numerous alleged heirs, because Alex Schmidt was at the time of the 1944 judgment and still is a person of unsound mind and that the statutes of limitation do not run against him. Alex Schmidt claims a small undivided interest in the lands in question. Appellants state in their brief that they are not seeking to set aside the judgment as to any parties except Alex Schmidt.

Appellees present a single counterpoint wherein they contend that the trial court correctly sustained defendants' motion for summary judgment as plaintiffs' suit was merely a collateral attack upon a judgment not void.

The lands in question were patented by the State of Texas in 1920 to August Schmidt, his heirs and assigns. August Schmidt died April 7, 1904, unmarried, childless and intestate, and was survived by a father who died intestate November 20, 1904, and by brothers and sisters and decendants of deceased brothers and sisters. One of the brothers of August Schmidt died October 15, 1937, survived by four children, including Alex Schmidt, born November 22, 1902, and alleged by appellants to have been a person of unsound mind since birth. Appellants claim as heirs of August Schmidt.

Appellees hold by mesne conveyances such title to the lands in question as was recovered against August Schmidt and the unknown heirs of August Schmidt and other parties in a judgment entered November 22, 1944, in the District Court of Newton County, Texas, in Cause No. 3513, styled C. A. Morgan et al. v. Unknown Heirs of August Schmidt et al. The 1944 judgment in question recites that service by publication was had against the defendants therein as provided by law, that said defendants failed to appear and answer, that the court appointed an attorney to represent the unknown heirs and defendants cited by publication, and that said attorney filed an answer for such defendants. A copy of the 1944 judgment was attached to defendants' motion for summary judgment and no fact set out in defendants' motion for summary judgment was denied by appellants.

The 1944 judgment in question is valid on its face. The due service recitals in the 1944 judgment import absolute verity on collateral attack. Treadway v. Eastburn, 57 Tex. 209; Davis v. Robinson, 70 Tex. 394, 7 S.W. 749.

Appellants' trespass to try title suit in this cause is merely a collateral attack on the 1944 judgment in question.

A judgment against an insane person is not void and cannot be attacked in a collateral action but only in a direct proceeding for that purpose. Howell v. Fidelity Lumber Company, Tex.Com.App., opinion adopted by Tex.Sup.Ct., 228 S.W. 181.

Appellees' counterpoint is well taken. The judgment of the trial court is affirmed.