W. L. SCOTT, Jr., et al., Appellants,

v.

H. L. SAMPSON, Appellee.

No. 16079.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 19, 1960.

Rehearing Denied March 18, 1960.

T. B. Coffield, Bowie, for appellants.

Sanders, Masters & Watson, and Robert S. Watson, Wichita Falls, for appellee.

RENFRO, Justice.

In a previous suit H. L. Sampson sued the unknown stockholders of Mutual Union Oil & Asphalt Company, a defunct corporation, and the heirs of W. E. Scott in trespass to try title to two 80 acre tracts of land. He was adjudged to be owner of the surface and owner of an undivided 1/11th of the minerals. The judgment provided that Sampson take nothing as to the remaining 10/11ths of the minerals. A receiver was appointed, presumably under the provisions of Art. 2293, Vernon's Ann. Civ.St., to lease the mineral estate. The judgment on the merits was affirmed, but the order which appointed a receiver was reversed. Sampson v. Scott, Tex.Civ.App., 318 S.W.2d 22.

The instant suit was brought for a receiver under the provisions of Art. 2320b. The unknown stockholders of Mutual Union Oil & Asphalt Company were named defendants, and by amended petition the Scott heirs, because they claimed an interest in the minerals, were made parties.

A receiver was appointed to execute an oil and gas lease and the Scott heirs have appealed.

Appellants contend the court erred because the prior judgment of this Court is res judicata as to receivership, the mineral estate is not in danger of being lost, re-

moved or materially injured, the appointment was not ancillary to any other relief, the appealing parties, who claim an interest, are not unknown, and the court should not have directed the receiver to execute a lease to one specific lessee.

Article 2320b provides in part that in an action by any person owning an undivided mineral interest "in which it is made to appear that one or more of the defendants in such action are nonresidents of the State of Texas, or persons whose place of residence is unknown and who have absented themselves for at least five (5) years successively next preceding the filing of said action, and who have, claim or own an undivided mineral interest in said land and have not paid taxes on said mineral interests or rendered same for taxes within said five-year period, the District Court shall have power to appoint a receiver of said undivided mineral interest owned by such defendant, provided a duly verified petition is filed and satisfactory proof is made that the plaintiff or plaintiffs have made diligent but unsuccessful effort to locate such defendants, and that the plaintiff or plaintiffs will suffer substantial damage or injury unless such receiver is appointed."

█ The trial court found that appellee had fully complied with the provisions of said Article. The judgment specifically found that the ¹⁰⁄₁₁ths interest involved was owned by the unknown stockholders of the defunct Mutual Union Oil & Asphalt corporation. There is no showing that the Scott heirs are stockholders of the defunct corporation. Therefore, we think the court was justified in appointing a receiver under Article 2320b. It is not necessary under said Article that the application for receiver be ancillary to other sought relief. Neither did the court abuse his discretion in directing the receiver to execute a lease to a particular lessee. Section 2 of the above Article gives the court authority to prescribe the terms and conditions of the lease.

█ Every reasonable presumption will be indulged by an appellate court in support of an order appointing a receiver and in the absence of some contrary showing it will be presumed that the judge acted fairly, properly, and according to law, that the petition and evidence were sufficient, and that proper and sufficient grounds exist for the order. 36 Tex.Jur., p. 148, sec. 69.

█ Under the record we think the law clearly gave the court the right to appoint a receiver, and no abuse of discretion being shown the appointment will not be vacated.

We have reviewed and compared the record in the prior case with the record in the instant case, and have determined that the appointment of a receiver is not concluded by the judgment in the previous case.

Judgment affirmed.