**Elsie G. JOHNSON et al., Appellants,**

**v.**

**BARNWELL PRODUCTION COMPANY et al., Appellees.**

**No. 7595.**

Court of Civil Appeals of Texas.

Texarkana.

June 1, 1965.

Rehearing Denied June 22, 1965.

Jones, Brian, Jones & Baldwin, Scott Baldwin, Marshall, Robert Schleier, Foster T. Bean, Kilgore, for appellants.

Sam B. Hall, Jr., William Huffman, Smith, Hall & Huffman, Marshall, James R. Strong, Long, Strong, Jackson & Strong, Carthage, for appellees.

FANNING, Justice.

Elsie G. Johnson (who as found by the trial court went under various names, including the name L. C. Johnson) and L. E. Ostrom, as plaintiffs, on Aug. 21, 1959, in suit No. 20,635, sued Barnwell Production Company, Edward L. Green, Frank C. Green, Sr., Receiver, and many other named defendants, in the District Court of Harrison County, Texas, to recover title and possession to an undivided interest in four tracts of land, and to set aside and/or declare void a receivership proceeding had in Cause No. 20,378 in said court and to set aside, cancel and to declare void and/or voidable a certain oil, gas and mineral lease made by the receiver to Barnwell and seeking an accounting and other relief stated in plaintiffs' pleadings.

On Jan. 24, 1959, in Cause No. 20,378, in said court, styled Edward L. Green v. L. C. Johnson, the District Court of Harrison County, Texas, appointed Frank C. Green, Sr., receiver of part of appellant Johnson's undivided mineral interest pursuant to Art. 2320b, Vernon's Ann.Tex.Civ.St., which statute is found below.[1] The petition seeking the appointment of a receiver is quoted in part below.[2] The order granting the

1. Article 2320b, entitled "Receiver for undivided mineral interest owned by absentee of unknown address", reads as follows:

"Section 1. In an action filed in the District Court by any person, firm or corporation, having, claiming or owning an undivided mineral interest in any tract of land in the State of Texas, in which it is made to appear that one or more of the defendants in such action are nonresidents of the State of Texas, or persons whose place of residence is unknown and who have absented themselves for at least five (5) years successively next preceding the filing of said action, and who have, claim or own an undivided mineral interest in said land and have not paid taxes on said mineral interests or rendered same for taxes within said five-year period, the District Court shall have power to appoint a receiver of said undivided mineral interest owned by such defendant, provided a duly verified petition is filed and satisfactory proof is made that the plaintiff or plaintiffs have made diligent but unsuccessful effort to locate such defendants, and that the plaintiff or plaintiffs will suffer substantial damage or injury unless such receiver is appointed.

Sec. 2. Such receiver, under the orders of the court, shall have power and authority to execute and deliver to a lessee a mineral lease on such outstanding mineral interest, upon such terms and conditions as may be prescribed by the court, and the moneys, if any, paid to such receiver, after the payment of the court costs, shall be by him deposited in the registry of the court for the use and benefit of such nonresident or unknown owners, and thereupon, the court may immediately discharge such receiver, and any future payments paid under such mineral lease shall be paid directly into the registry of the court and impounded for the use and benefit of such nonresident and unknown owners.

Sec. 3. This Act shall not have the effect of altering or changing any laws now in effect relating to suits for the removal of cloud from title or the appointment of receivers under any other law, but is cumulative thereof."

2. "Now comes Edward L. Green, Plaintiff, a resident of Caddo Parish, Louisiana, complaining of L. C. Johnson, Defendant, whose residence is unknown, but who owns an undivided interest in the minerals in the hereinafter described tracts of land, and for his cause of action would show the Court the following:

"1. Plaintiff and Defendant both own an undivided interest in the mineral estate to four tracts of land in Harrison County, Texas, consisting of 61, 60, 74, and 39 acres, which tracts are more fully described in Exhibit "A" attached hereto.

2. The Defendant has been absent from the State of Texas for more than five years successively next preceding the filing of this petition during which time he has not paid taxes on said mineral interest nor has he rendered the same for taxes.

3. Plaintiff has made a diligent but unsuccessful effort to locate the Defendant, and the Plaintiff will suffer substantial damage or injury unless a Receiver is appointed to take charge of the property and execute and deliver a mineral lease on the Defendant's interest so that the minerals can be developed and produced. At the present time there is oil development and gas development in the vicinity, and this acreage is in danger of being drained if it is not developed and produced. All of the other interest under these tracts have been leased and the development program is under way on one tract, but the discovery of this unleased outstanding interest is threatening to alter a proposed development program.

"Wherefore, Plaintiff prays the Court that a receiver be appointed under the provisions of Article 2320–B, Vernon's Revised Civil Statutes of Texas, that he be authorized to lease the mineral interest of Defendant for development and production purposes, and thereby insure Plaintiff against loss of development and production of this interest.

/s/ Edward L. Green
EDWARD L. GREEN"

(The petition is duly verified, and attached to the petition was an exhibit containing legal descriptions of the four tracts of land involved in this suit.)

application and appointing the receiver is quoted in part below.[3] The receiver sold the lease in question to Barnwell Production Company for a cash bonus of $162.50, which was more than $25.00 per acre based on the undivided interest of the defendant L. C. Johnson as set out in the order, which interest of Johnson at that time was assumed to be 1/12th of the first tract and a 1/12th of a 1/11th interest in the second, third and fourth tracts. This assumed interest amounted to 6.393 acres and the proper payment for such an interest at $25.00 per acre would have been $159.82½. (The $162.50 was paid into the District Clerk's office by the receiver as directed by the order.) It was determined later upon the trial of the case that Johnson's interest in the first tract was correct but that he owned a 1/6th of a 1/11th interest in the second, third and fourth tracts. The receivership lease in question also contained an inclusive clause known as a "Mother Hubbard Clause" which ostensibly covered all of Johnson's interest. Barnwell drilled a commercial well on one of the tracts and unitized the acreage for development.

After observing the receivership lease in the Harrison County records in the latter part of January or the first part of February, 1959, the plaintiff-appellant L. E. Ostrom on April 3, 1959, purchased an oil, gas and mineral lease from plaintiff-appellant Johnson, after locating Johnson in Chicago, Illinois.

No motion was filed by plaintiffs-appellants to vacate the receivership judgment and the receivership judgment was not appealed from by writ of error. The receivership judgment was first attacked in suit No. 20,635 on August 21, 1959. Trial was to the court with the aid of a jury. (Plaintiffs suit for an accounting was severed and reserved for future decision.) The jury in response to the special issues submitted found to the effect as follows: (Issue No. 1) That Edward L. Green and those assisting him, if any, did not make a diligent effort to locate the plaintiff Johnson prior to Jan. 24, 1959; (Issue No. 2) that the lease from Frank C. Green, Sr., Receiver, to Barnwell Production Company on January 24, 1959, was not made for a grossly inadequate price; (Issue No. 3) that Edward L. Green would not have suffered substantial damage or injury by failure to appoint a receiver on January 24, 1959; (Issue No. 4) that Barnwell Production

3. "On this 24 day of January, 1959, came on to be heard the verified petition of Edward L. Green, in the above mentioned cause, and after the testimony was heard it is the opinion of the Court that the facts stated in the petition are true and correct, that the Plaintiff is entitled to the relief prayed for, that Frank C. Green, Sr., of Harrison County, Texas, is qualified to act as receiver in this case, that the M. L. Bath Co. Oil, Gas and Mineral Lease form designated as 'Producers 88 Rev. (8–57) With 640 Acres Pooling Provision' is a good and acceptable form, that the property should not be leased for a primary term of more than one year for a bonus of not less than $25.00 per acre, and that the Defendant's interest for lease bonus purposes should not be considered as less than 1/12th of the First Tract of 61 acres, and not less than 1/12th of 1/11th of the Second, Third, and Fourth Tracts of 60, 74, and 39 acres, respectively.

"IT IS THEREFORE ORDERED AND DECREED that Frank C. Green, Sr. of Harrison County, Texas, be appointed Receiver to lease the Defendant's interest heretofore described for Oil, Gas and Mineral development and production purposes for a primary term of not more than one year and for a bonus of not less than $25.00 an acre, based on an interest of not less than 1/12th of the First Tract of 61 acres, and not less than 1/12th of 1/11th of the Second, Third, and Fourth Tracts of 60, 74, and 39 acres, respectively, in accordance with the terms of the M. L. Bath Co. Oil, Gas and Mineral Lease form designated as 'Producers 88 Rev. (8–57) With 640 Acres Pooling Provision,' and that the lease bonus and royalty be paid into the District Clerk's Office of Harrison County, Texas, in accordance with the provisions of Article 2320–B of the Vernon's Annotated Revised Civil Statutes of Texas.

/s/ Sam B. Hall
SAM B. HALL, SR.
JUDGE"

Company was the real party at interest in the proceeding of January 24, 1959; (Issue No. 5) that Barnwell Production Company caused said proceeding to be had in order to secure the lease on the property of the plaintiff Johnson; and (Issue No. 6) the conduct, if any, of Barnwell Production Company, did not constitute a fraud.

Both sides filed motions for judgment. The trial court rendered judgment mainly for the appellees, upholding the receivership proceeding and the receiver's lease to Barnwell of Johnson's ½th interest in the first tract, and Johnson's ½th of ⅟₁₁th interest in the second, third and fourth tracts. Johnson's remaining interest of ½th of ⅟₁₁th in the second, third and fourth tracts and Ostrom's lease on said remaining interest of Johnson of ½th of ⅟₁₁th interest in the second, third and fourth tracts were upheld and judgment therefor was rendered for appellants. Appellants Johnson and Ostrom have appealed.

Johnson heired his interest from his deceased wife, Charlie Mae Green, who died intestate in childbirth in 1934, in Tyler, Texas, (with her child being born dead) while married to Johnson. She had no other children. Charlie Mae Green was a sister of appellee Edward L. Green. Charlie Mae Green heired her interest in the property in question from her family antecedents.

A considerable portion of the trial was focused on proof of appellant Johnson's first name. It appeared from evidence in the record that appellant Johnson had used the following names: Elsie Johnson, Elsa Johnson, Elsie Glover Johnson, Elsie G. Johnson, E. G. Johnson, Elsar J. Johnson, Elsar Joseph Johnson, Glover J. Johnson, Gloveer J. Johnson and L. C. Johnson, and other similar names. However, at the trial appellant Johnson testified that he had used the initials L. C. and that "all of those names are of one person". Based upon ample evidence, the trial court expressly found (no issue having been submitted) with respect to this matter in part as follows: " * * * and the Court finds, that the plaintiff L. C. Johnson is not a ficticious person, but is one and the same person as Elsie G. Johnson, Elzar J. (Joseph) Johnson, Glover (Gloveer) J. Johnson, Elsa Johnson, Gloveer Joseph Johnson, E. J. Johnson, G. J. Johnson, and Glover Johnson."

Appellants contend that their attack upon the receivership judgment is a direct attack. Appellees contend that such attack is not direct, but is a collateral attack. For an excellent discussion of this problem we refer to an article by Professor Gus M. Hodges, entitled "Collateral Attacks on Judgments", appearing in two sections in 41 Tex.L.Rev., beginning at pages 163 and 499, with particular reference to Part II, "Distinctions Between Direct and Collateral Attacks."

The essentials of a Bill of Review are well stated by Justice Williams of the Dallas Court of Civil Appeals, in American Spiritualist Ass'n v. City of Dallas, Tex. Civ.App., 366 S.W.2d 97, no writ (1963) as follows:

"A Bill of Review, or a petition in the nature of a Bill of Review, is a proceeding in equity having for its purpose the reversal of a prior judgment of the trial court. 22 Tex.Jur. 2d 569, § 28. One of the prime essentials of a proceeding of this nature to have a judgment set aside by Bill of Review is that it must be shown that there existed a meritorious defense to the cause of action; that the complainant was prevented from presenting that defense through *extrinsic fraud,* accident, or mistake wholly unmixed with any fault or negligence of his own, so that he was compelled to suffer the judgment by circumstances beyond his control; that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside, and that no other remedy is available. 22 Tex. Jur.2d 572, § 30." (Emphasis added.)

The requirements for a bill of review in equity are also clearly stated in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950), which case also clearly states the distinction between "extrinsic" and "intrinsic" fraud.

■■ The only case we have found decided under Article 2320b, V.A.T.C.S., is Scott v. Sampson, Tex.Civ.App., 333 S.W.2d 220, wr. ref., n. r. e. (1960), which involved a direct attack and not a collateral attack. We quote in part from the opinion in said cause as follows:

"Article 2320b provides in part that in an action by any person owning an undivided mineral interest 'in which it is made to appear that one or more of the defendants in such action are nonresidents of the State of Texas, or persons whose place of residence is unknown and who have absented themselves for at least five (5) years successively next preceding the filing of said action, and who have, claim or own an undivided mineral interest in said land and have not paid taxes on said mineral interests or rendered same for taxes within said five-year period, the District Court shall have power to appoint a receiver of said undivided mineral interest owned by such defendant, provided a duly verified petition is filed and satisfactory proof is made that the plaintiff or plaintiffs have made diligent but unsuccessful effort to locate such defendants, and that the plaintiff or plaintiffs will suffer substantial damage or injury unless such receiver is appointed.'

"The trial court found that appellee had fully complied with the provisions of said Article. The judgment specifically found that the 10/11ths interest involved was owned by the unknown stockholders of the defunct Mutual Union Oil & Asphalt corporation.

There is no showing that the Scott heirs are stockholders of the defunct corporation. Therefore, we think the court was justified in appointing a receiver under Article 2320b. It is not necessary under said Article that the application for receiver be ancillary to other sought relief. Neither did the court abuse his discretion in directing the receiver to execute a lease to a particular lessee. Section 2 of the above Article gives the court authority to prescribe the terms and conditions of the lease."

"Every reasonable presumption will be indulged by an appellate court in support of an order appointing a receiver and in the absence of some contrary showing it will be presumed that the judge acted fairly, properly, and according to law, that the petition and evidence were sufficient, and that proper and sufficient grounds exist for the order. 36 Tex.Jur., p. 148, sec. 69."

As we view the record appellants' attack upon the receivership judgment fails as a direct attack for the reason that there was no evidence of *extrinsic* fraud upon the part of Edward L. Green, Barnwell or of any of the appellees. Under the following quoted provisions of Art. 2320b, V.A.T.C.S., "* * * the District Court shall have power to appoint a receiver of said undivided mineral interest owned by such defendant, provided a duly verified petition is filed and *satisfactory proof is made that the plaintiff or plaintiffs have made diligent but unsuccessful effort to locate such defendants, and that the plaintiff or plaintiffs will suffer substantial damage or injury unless such receiver is appointed,*" it was the duty of the court in said receivership proceeding to require satisfactory proof of the matters stated above and such matters being squarely before the court were "intrinsic" to the receivership judgment of Jan. 24, 1959. In this connection see Weston v. Van Meter, Tex.Civ.App., 297 S.W.2d 302,

no writ (1956), wherein it was stated in part as follows:

"Rule 109, T.R.C.P., supra, clearly and expressly makes it the duty of the trial court to consider the sufficiency of the diligence in publication cases, and the evidence presented at the time of the hearing in the 1949 judgment in question clearly shows that this matter was then before the court. Thus it having been the duty of the trial court (under Rule 109) in 1949 to inquire into 'the sufficiency of the diligence,' such matter is clearly 'intrinsic' to the judgment. And as heretofore stated, we think the record clearly shows that the question of the 'sufficiency of the diligence' was squarely before the court in the 1949 case and that he did then determine that question by entering the judgment that he did enter decreeing the title and possession of the land in qeustion to Mrs. Van Meter."

■ There were no questions of accident or mistake, with appellants relying upon fraud to constitute their attack as a direct attack. It is our holding that there was no probative evidence of *extrinsic* fraud and that for that reason appellants' attack upon the receivership judgment fails as a direct attack and must be held to be a collateral attack. In view of this holding, we deem it unnecessary to write upon the other reasons why appellees contend that appellants' attack was collateral and not direct.

■ The law applicable to collateral attacks on an order appointing a receiver is stated in 49 Tex.Jur.2d, Receivers, Section 69, as follows:

"An order appointing a receiver may be attacked collaterally if it is void. In such a case, there is no receiver, and mandamus will lie to prevent the person appointed from exercising authority under the order.

"If an order appointing a receiver is merely erroneous, it must be attacked directly in the cause in which the appointment was made, since the order is entitled to the same verity as a final judgment.

"An order appointing a receiver is subject, therefore, only to direct attack, unless the court was without jurisdiction to issue the order, or unless it appears on the face of the proceedings that the order is without authority of law.

"The appointment of a receiver will not be nullified by the granting of an injunction to prevent the appointee from acting as a receiver, or by enjoining him from interfering with the possession of property involved in the receivership, where the party seeking the injunction failed to pursue his remedy by appeal. Moreover, though the premature appointment of a receiver is void, the appointment may not be collaterally assailed where the order recited the jurisdictional fact of the previous filing of a petition. And a person who has applied for the appointment of a receiver by a court having jurisdiction of the subject matter will not be permitted to question the validity of the appointment for want of jurisdiction."

■ Statutory proceedings are subject to the same rules relating to collateral attacks on judgments generally. Finley v. Howell, Tex.Civ.App., 320 S.W.2d 25, no writ (1958); Schmidt v. Stanolind Oil & Gas Company, Tex.Civ.App., 332 S.W.2d 743, no writ (1960); and Donaldson v. First State Bank of Abernathy, Tex.Civ.App., 352 S.W.2d 302, wr. ref., n. r. e. (1960).

Appellants by their 1st, 2nd and 3rd points contend to the effect that the trial court erred (1) in granting defendants' motion for judgment on the jury's verdict and rendering judgment against plaintiffs,

(2) in overruling plaintiffs' motion for judgment at the conclusion of the evidence, and (3) in not granting plaintiffs' motion for judgment on the jury's verdict, because under the findings of the jury in the cause the District Court of Harrison County did not have jurisdiction to grant the receivership in Cause No. 20,378 styled Edward L. Green v. L. C. Johnson.

■ As we view this case, the findings of the jury with respect to issues 1 and 3, to the effect that Edward L. Green, and those assisting him, did not make diligent effort to locate appellant Johnson before Jan. 24, 1959, and that Edward L. Green would not suffer substantial damage or injury by failure to appoint a receiver on Jan. 24, 1959, were immaterial findings based upon immaterial and inadmissable evidence in this collateral attack since such issues were squarely before the court in the receivership proceeding and were intrinsic to the court's judgment appointing the receiver.

Appellants in connection with said points also contend to the effect that since the receivership was without notice to appellant Johnson, and the lease made on the same day as the receivership judgment, without the receiver making and filing a bond and oath, because there was no report of sale and order of confirmation, that for these reasons the receivership was void and subject to collateral attack as well as direct attack, with appellants contending that their attack was direct rather than collateral.

As hereinbefore held, we are satisfied that appellants' attack upon the receivership was collateral and not direct.

■ The above referred to matters were not affirmatively shown in the record in the receivership proceeding but were developed by appellants aliunde the record over the objections of appellees. It has been held that a judgment can not be set aside on collateral attack unless it affirmatively appears from the record in the action in which the judgment was rendered that the facts essential to jurisdiction do not in fact exist, and it is not sufficient that the record be silent or fail to show the existence of facts essential to jurisdiction, as the record in which the judgment was rendered must affirmatively show that the jurisdictional facts do not exist. Hardy v. Beaty, 84 Tex. 562, 19 S.W. 778 (1892); Robins v. Sandford, Tex.Comm.App., 29 S.W.2d 969 (1930).

We quote in part from Robins v. Sandford, supra (29 S.W.2d 969), as follows:

"The disposition of the case is controlled by a decision of one question, and that is whether or not in this collateral attack the plaintiff in error may show that the order of the district court of the Eighty-Third judicial district appointing defendant in error W. G. Sandford receiver for the Owenwood Pool No. 3 is void, because the suit in which such appointment was made was not pending in the court at the time, the petition not being filed therein until the following day. * * *

"The doctrine is thoroughly settled in this state that the judgment of a court of record, which recites the necessary jurisdictional facts, is not subject to collateral attack, but can only be assailed by a direct proceeding in the court in which it was rendered. Treadway v. Eastburn, 57 Tex. 209; Mikeska v. Blum, 63 Tex. [44] 46; Martin v. Burns, 80 Tex. 676, 16 S.W. 1072; Lyne v. Sanford, 82 Tex. 58, 19 S.W. 847, 27 Am.St.Rep. 852; Crawford v. McDonald, 88 Tex. [626] 632, 33 S.W. [325] 328; Hopkins v. Cain, 105 Tex. 591, 143 S.W. 1145; Switzer v. Smith (Tex.Com.App.) 300 S.W. 31 [68 A.L.R. 377]; Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Brown v. Clippinger, 113 Tex. 364, 256 S.W. 254.

"The question arises, Is an ex parte order appointing a receiver entitled to

the same verity against collateral attack as a final judgment? * * *

"Our Supreme Court, in Edrington v. Pridham, 65 Tex. [612] 616, in denying the right to collaterally attack an order appointing a receiver, said:

'If, in making the appointment, the court proceeded upon an insufficient showing, the order was erroneous and subject to revision, but not void or open to collateral attack.' Citing Dean v. Thatcher, 32 N.J.L., 470; Wood v. Blythe, 46 Wis. 650 [1 N.W. 341].

"In Holland v. Preston (Tex.Civ. App.) 41 S.W. 374, a collateral attack was sought to be made upon an ex parte order appointing a receiver, but the court held that such order could not be so assailed, stating that the rule against collateral attack under such circumstances 'is a settled one.'

* * * * * *

"The order in this case actually reciting the jurisdictional fact—a finding by the court that the petition had been filed—comes clearly within the rule announced in the many authorities cited, hence it must be held to import absolute verity as against the collateral attack sought to be made in this case."

■ We think it is clear that the order appointing a receiver can not on collateral attack be impeached by evidence aliunde the record. See the following authorities: Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325 (1895); Texas Pacific Coal & Oil Co. v. Ames, Tex.Civ.App., 284 S.W. 315 (1926), opinion by Tex.Comm.App. in 292 S.W. 191 (1927).

■ Art. 2320b, supra, does not require notice of the receivership application. Statutes relating generally to receivers do not require giving of notice of an application for the appointment, nor do they make the court's authority to appoint a receiver dependent upon previous notice. 49 Tex.

Jur.2d Receivers, Sec. 55. Even where notice is required by statute, an appointment of a receiver without notice, although erroneous, is not void. 49 Tex.Jur.2d Receivers, Sec. 57.

■ Art. 2320b, supra, does not require that the receiver give bond and take an oath. The order of the District Court in the receivership proceeding collaterally attacked here did not require the receiver Green to give a bond and take an oath. We hold that the failure of Green to give a bond and take an oath can not be successfully attacked in the collateral attack made by appellants and that such omissions would not make the receivership judgment void. In this connection see Richardson v. Beasley, Tex.Civ.App., 50 S.W.2d 420, no writ (1932). Also in this connection see Carlton v. Bos, Tex.Civ.App., 281 S.W.2d 131, no writ (1955), wherein it was stated:

"The order appointing the receiver without requiring a bond by the applicant was not void, but merely voidable."

■ Art. 2320b, supra, does not require the receiver make a report of sale or lease, nor does said article require a confirmation thereof by the trial court. The order appointing the receiver did not make any requirements along these lines but, as we view it, directed the making of a lease as ordered by the trial court, and did not contemplate any report of sale or confirmation. Also the record in the receivership proceeding does not affirmatively show the lack of report or confirmation, but such showing was made aliunde the record over the objections of appellees.

It is our view that the receivership proceeding in question is not subject to successful collateral attack under the record in this cause, and that the said omissions complained of by appellants would not make the receivership judgment void.

Appellants also contend to the effect that the receivership lease was void in that it

was not in conformity with the order of the court in that the lease covered and granted a greater interest than that authorized by the court. The lease executed by the receiver purported to cover the entire interest of appellant Johnson in the four tracts of land in question and contains an inclusive clause, commonly known as a "Mother Hubbard Clause."

The judgment entered in this cause by the trial court upheld the validity of the receivership lease as to appellant Johnson's ½2th interest in the 1st tract, and an undivided ½2th of ⅟11th interest in the 2nd, 3rd and 4th tracts, being the identical interests set out in the order appointing the receiver. The trial court upheld appellant Johnson's title to the remaining interest and recognized the validity of appellant Ostrom's lease as to such remaining interest, an undivided ½2th of ⅟11th interest in the 2nd, 3rd and 4th tracts.

The fact that the receivership lease covered a greater interest than authorized by the court would not make the receivership lease void or invalid as a whole, and the receivership lease would be invalid or incorrect only to the extent that it covered a greater interest than authorized by the court and would clearly be valid as to the interest and extent authorized by the court in the decree. In this connection see Kubena v. Hatch 144 Tex. 627, 193 S.W.2d 175 (1946).

The trial court correctly and properly limited appellees' lease to the interest set out in the receivership judgment and correctly and properly upheld the title of appellants Johnson and Ostrom to the remaining ½2th of ⅟11th interest in the 2nd, 3rd and 4th tracts.

Appellants' 1st, 2nd and 3rd points are overruled.

Appellants' remaining points (4, 5, 6, 7 and 8) relate to evidentiary matters. Since it is our view that appellants' attack upon the receivership order was collateral and that appellees were entitled as a matter of law to the judgment rendered by the trial court we deem it unnecessary to write upon appellants' 4th, 5th, 6th, 7th and 8th points. Such points do not present reversible error under the record in this cause and the same are overruled. Rule 434, Texas Rules of Civil Procedure; Walker v. Texas Employers Insurance Ass'n, 155 Tex. 617, 291 S.W.2d 298 (1956).

The judgment of the trial court is affirmed.

## DISSENT ON MOTION FOR RE-HEARING

DAVIS, Justice.

I dissent. The receiver was not authorized to act until after he had taken an oath and executed a bond. Art. 2296, V.A.T.C.S.; Rogers v. Boykin, Tex.Civ.App., 286 S.W.2d 440, N.W.H.

The appointment of a receiver without notice of immovable property is in violation of Rule 695, T.R.C.P.; Marion v. Marion, Tex.Civ.App., 205 S.W.2d 426; 49 T.J.2d 44, Sec. 26; 49 T.J.2d 77, Sec. 57. The receivership should be set aside for the reason that it was granted without notice. 49 T.J. 2d 118, Sec. 188.

The order appointing the receiver was erroneous, and a direct attack thereon was proper. 49 T.J.2d 95, Sec. 69, and the authorities cited therein.

There could be no legal confirmation of the receiver sale. Art. 2320b, Sec. 3. The holding by this court is in direct conflict with the following cases: Baumgarten v. Frost, 143 Tex. 533, 186 S.W.2d 982, 159 A.L.R. 428; Miesch v. Anderson, Tex.Civ. App., 90 S.W.2d 314, N.W.H.; Cornelison v. First National Bank of San Angelo, Tex. Civ.App., 218 S.W.2d 886, N.W.H.

I would reverse the judgment of the trial court.